HARRIET B. PROVOST, et al., Respondents, *v.* JOHN C. PROVOST. et al., Appellants.

The will of P., in case of his decease, leaving a surviving child, not of full age, devised all his real estate to trustees, in trust, to pay the net income from the rents and profits to his widow, until all of his living children should arrive at full age.   Upon their arrival at full age, he directed that the trust should cease; and thereupon he devised to his widow a life estate in certain premises, remainder to his son D., and disposed of the residue of the realty by various specific devises to his children.   In an action to obtain a construction of the will, *held*, that

the trust was for the life of the widow, and terminable in any event at her death, and subject to be determined by the arrival, during her life, of all the testator's living children at full age; and that the trust so created was valid and effectual.

The costs, in such an action, are in the discretion of the court below, and its determination is not reviewable in this court. (Code, § 306.)

(Argued May 31, 1877; decided June 12, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, modifying a judgment entered upon a decision of the court at Special Term, as to costs, and affirming it as modified. (Reported below, 7 Hun, 81.)

This action was brought by plaintiffs as executors of the last will and testament of David Provost, deceased, to obtain a construction of said will. The clauses of the will in question, are as follows:

"II. In case of my decease, leaving a surviving child not of full age, I give and devise all the real estate wherever situated, of which I may die seized or possessed, unto my wife, Harriet B. Provost and James W. Valentine of the city of Brooklyn, upon trust however, to hold the same, to receive and collect the rents and profits thereof, and after paying all expenses necessary for the preservation, care and management of said real estate, to pay the proceeds and the whole thereof to my wife, the aforesaid Harriet B. Provost, quarterly, or as received by the said trustees, until all of my living children shall be of full age.

III. Upon the arrival of all my children at full age, it is my will, and I do direct, that said trust shall cease, and that my real estate shall be divided as follows, that is to say:

To my wife, Harriet B. Provost, for her own proper use, benefit and behoof, during the term of her natural life, I give and devise all my real estate, situate at and adjoining the northwesterly corner of Franklin and Green streets, in the 17th Ward of the city of Brooklyn, consisting of the three houses and lots, known as Nos. 195 and 197 Franklin street and No. 81 Green street: said three houses and lots at the

death of said Harriet B. Provost to revert to and become and be the property of my son David Provost, his heirs and assigns forever."

Then followed various specific devises of his remaining real estate to his children. The testator died leaving his widow and nine children six of whom were of age and three infants, him surviving.

The adult children, defendants, answered, alleging that said provisions were illegal and void, and claiming that the testator's real estate passed to his heirs-at-law as if he had died intestate. The Special Term adjudged said provisions to be valid, and gave costs and allowances to all of the defendants out of the estate. The adult defendants appealed from the judgment, plaintiffs appealed from so much thereof as gave costs and allowances to defendants out of the estate. The General Term modified the judgment by striking out that portion, giving costs to defendants and affirming it as modified.

*Amasa J. Parker*, for the appellants. The devise was void as violating the statutes against perpetuities. (*Post* v. *Hover*, 33 N. Y., 593; *Everett* v. *Everett*, 29 id., 72; *In re Bedell*, 1 Tucker, 367.) The trust estate being void, the remainders over were void also. (*Hawley* v. *James*, 16 Wend., 61; *Hone* v. *Van Schaick*, 20 id., 564, 566; *Irving* v. *De Kay*, 9 Paige, 523; 5 Den., 646; *Post* v. *Hover*, 33 N. Y., 593; *Van Nostrand* v. *Moore*, 52 id., 12; *Armory* v. *Lord*, 5 Seld., 413–420; 30 Barb., 312; 52 N. Y., 12; 4 Abb. Ct. App. Dec., 109; *Costar* v. *Lorillard*, 14 Wend., 291.)

*Theo. F. Jackson*, for the respondents. The trust created by the will was valid. (*De Kay* v. *Irving*, 9 Paige, 522; 5 Den., 646; *Du Bois* v. *Ray*, 35 N. Y., 162; *Post* v. *Hover*, 33 id., 593; *Butler* v. *Butler*, 3 Barb., Ch. 304.) The judgment of Special Term was erroneous in awarding costs to defendants. (Code, §§ 302–306; *Downing* v. *Marshall*, 37 N. Y., 380.)

Allen, J.    The trust created by the will is for the preservation of the estate, and the payment of the net income from the rents and profits to the widow of the testator quarterly, or as received by the trustees, and had the will ended with this provision, the trust would have terminated with the life of the *cestui que trust* and no question would have been made as to its validity.    The trust thus created is among those authorized by statute (1 R. S., 728, § 55, sub. 3.), and but for the added clause, " until all of my living children shall be of full age," the estate would only have vested in the trustees for the life of Mrs. Provost, and the estate would have ceased with her death, as the purposes of the trust would have ceased.    (1 R. S., 729, §§ 61, 62, 67.)

The question is as to the effect of the words limiting the continuance of the trust to the minority of the children of the testator.    The well established rule is, that if a will or any clause of a will is susceptible of two interpretations, that shall be adopted which will validate the provision and give effect to the disposition, rather than that which will destroy it.    (2 Jar. on Wills, 743, Rule XVI.)    The testator having, by the preceding words, created a valid trust which, without qualification, would continue during the life of his widow, and no longer, entitling her to the net income of his estate so long as she should live, by the added words provided for its termination during her life in case all his living children should attain their majority before her death. The effect of the added words was as if after having created a valid trust for the life of his widow, the testator had said, but said trust shall continue no longer than during the minority of one or more of my living children.    The trust, therefore, is for the life of the widow, but subject to be determined by the other event; and must terminate when the widow shall die, or all the children shall become of age, whichever shall first happen, and cannot continue beyond the life of the *cestui que trust.*    The reason for an earlier termination of the trust than the death of the widow, is obvious; but there is no apparent reason for continuing it beyond that

period, and there was no purpose to be accomplished by its contiuance.

There is no direction for the application of the rents and profits after that time, or for their accumulation. There is no valid limitation of an expectant estate suspending the power of alienation or of the ownership entitling the persons. presumptively entitled to the next eventual estate to the rents. and profits after the death of the widow, as undisposed of under the statute upon that subject. (1 R. S., 726, § 40.) The trust certainly would, from its nature and the terms and purposes of its creation, terminate upon the death of the widow as one, the purposes of which were fully accomplished, being for her personal benefit, neither assignable or descendible, and might also terminate at an earlier period, and for that, provision is made in the third paragraph of the will in. the devise to the widow of a life estate in a portion of the realty subject to the trust. The trust was solely for the benefit of the widow, and for her life only, and did not suspend the power of alienation beyond a single life in existence at the time of its creation. In *Irving* v. *De Kay* (9 Paige, 522, and 5 Denio, 646,) there were two successive trusts, and the case differed in that respect from the present. The. trusts in that case being separable, the first was sustained and the last held invalid. The direction for a division of the estate may be interpreted as having respect to the termination of the trust estate, before the death of the widow, upon the happening of the event named; but if it did nct, but must be read literally, it did not create or continue an estate in the executors named in the fifth, or the trustees named in the second paragraph of the will. The execution of that power, in whomsoever vested, did not suspend the operation of the devises of the several parts of the estate, or the power of alienation in the devisees. The devises are all in the present tense, and immediate to the devisees, and speaking from the death of the testator they took effect immediately, subject only to the trust for the life of Mrs. Provost. No division of the property devised was necessary,

as that was accomplished by the terms of the will assigning to the devisees in severalty their respective portions. The introductory clause of the third paragraph of the will did not postpone the enjoyment of the devised estates. There was no estate or right of possession in any person other than the devisees, after the trust estate ceased, and it cannot be implied that the testator intended that the estate should vest in his heirs at law for the brief period of the minority of any of his children after the trust ceased, and thus qualify the present and absolute gifts of the will. The clause has no meaning, and can have no effect in overthrowing the otherwise intelligent and valid provisions of the will. The estates vest absolutely in the devisees, and are not subject to any condition or contingency by which they may be defeated before the period assigned in terms for the division of the property. This being the case even if the period of enjoyment should be deemed postponed, the estates have vested, and the law against perpetuities is not violated. (*Duffield* v. *Duffield*, 1 Dow. & Clark, 311; per Best, Ch. J.; 1 Jar. on Wills, 733, *et seq.*)

The costs were in the discretion of the court below, and their action in respect of them is not reviewable in this court. (Code, § 306.)

The reasons for this part of the judgment do not appear by the order, and as the question of costs was peculiarly within the discretion of the Supreme Court, its action must be deemed to have been in the exercise of that discretion, and not the subject of review.

The judgment must be affirmed, without costs to either party in this court as against the other.

All concur, except Rapallo, J., absent.

Judgment affirmed.