SMITH et al. v. SMITH.

(Supreme Court, Appellate Division, Second Department.   December 30, 1912.)

1. PERPETUITIES (§ 4*)—TRUSTS.

Where a testator devised his estate in trust for five years, to be distributed at the end of that time, one-third to his wife and the remaining two-thirds between his three children, with the provision that, should any of them die before time of distribution, then their share should descend to their lawful issue, if any, but if none, should go to the survivors, the trust estate is invalid, because not certain to vest in interest within a life or two lives in being; it being the apparent intention of the testator to fix an absolute period of five years, not measured by any life, during which distribution shall be postponed.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–44; Dec. Dig. § 4.*]

2. WILLS (§ 439*)—CONSTRUCTION—RULES.

While a will must be construed, if possible, so as to render it valid, yet the intent of the testator, when ascertained, controls.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 952, 955, 957; Dec. Dig. § 439.*]

3. WILLS (§ 688*)—CONSTRUCTION—TRUSTS—INVALIDITY.

Where testator devised his property in trust for five years, then to be distributed, one-third to his wife and the remainder to be divided between his children, the share of any child dying to descend to her lawful issue, if any, and if none, then to the survivors, the trust being invalid, the trust term could not be disregarded, and the estate distributed immediately, as it would cut off the ultimate limitation to surviving children and the widow, and such contingent limitations cannot survive the failure of the trust, but the estate must be distributed in accordance with the law as to estates of persons dying intestate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1574; Dec. Dig. § 688.*]

Burr, J., dissenting.

Submission of controversy by Evelyn Woodford Smith and others against Evelyn V. Smith, individually and as executrix of Orlando J. Smith. Judgment for plaintiffs.

Submission of controversy on agreed statement of facts, under sections 1279–1281 of the Code of Civil Procedure. This submission presents for consideration articles 3 and 4 of the last will and testament of Orlando J. Smith, deceased, which are as follows:

"Third.—I hereby give, devise and bequeath unto my wife, Evelyn V. Smith, and unto my brother-in-law, Jesse Holdom, all of the real estate, stocks, bonds, securities and other personal property, except the household furniture and property bequeathed to my wife under the preceding clause of this my will owned by me at the time of my decease or to which I may be entitled, to have and to hold the same upon the trusts and for the uses hereinafter expressed and not otherwise.

"To take possession of all my real and personal estate and to collect all the income thereof and to pay all taxes and other necessary and lawful charges at any time resting thereon; to make and execute leases of my real estate for such terms not exceeding five years and upon such rentals as my said trustees may, from time to time, deem for the best interests of the trust estate with full power to sell any of my real or personal property, at such times and upon such terms as my said trustees shall deem adequate and with like full power to make, execute and deliver all contracts, deeds and acquittances by parol or under seal necessary to vest title to any of such real or personal estate in the purchaser or purchasers thereof.

"I direct my said trustees to re-invest all of the proceeds of any sales from time to time of any of the trust property so that the corpus thereof, during the continuance of said trust, shall, as near as practicable, be kept intact and income producing and that no part thereof shall, during that time, be expended unless conditions not now foreseen may render it necessary to intrench thereon for the necessary support of my said wife and my children, Courtland, Evelyn Woodford and Mabel Follin Smith.

"I direct that the net income from all of my estate, together with any investment thereof, which may be made from time to time, shall be paid to my wife Evelyn V. Smith, during the continuance of the trust hereby created, out of which she shall not only support and maintain herself, but also our three children aforesaid.

"The trust created by this clause of my will shall cease and determine at the expiration of five years from the date of my death.

"Fourth.—I hereby direct that all of the real estate and personal property held in trust in virtue of the third clause of this my will shall, at the expiration of five years, from the time of my decease, be distributed as follows:

"One-third thereof to my said wife, Evelyn V. Smith, and the remaining two-thirds thereof, in equal parts share and share alike, between my three children, Evelyn Woodford Smith, Courtland Smith, and Mabel Follin Smith as an indefeasible and absolute estate of inheritance and I do hereby give, devise and bequeath the same to them and each of them accordingly.

"Should any of my said three children or my said wife, Evelyn V. Smith, depart this life before the time of distribution, then the share and part of my estate devised and bequeathed to my said children as shall so die, shall descend to the lawful issue of those of my children so dying in equal parts if more than one child, if only one then the whole thereof to such one child, and should either of my said children die before such time without leaving lawful issue her, him or them surviving, then such estate and property shall vest in and be delivered and is hereby granted to the survivors, including my said wife, Evelyn V. Smith, if she be then living, in equal parts and in the event of the death of my said wife, Evelyn V. Smith, before the period of distribution aforesaid, then the share of my estate then distributable to her but for her death shall go to and be divided amongst my children or the survivor of them, in equal parts, share and share alike.

"Or, if only one of my said children, or my wife survive the five year trust period, then the whole of said estate and property shall vest in and be delivered to such sole survivor."

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and RICH, JJ.

Edward Bruce Hill, of New York City (Walter H. Pollak, of New York City, on the brief), for plaintiffs.

Lyle Evans Mahan, of New York City, for defendant.

RICH, J.   The plaintiffs are the children of the testator, and the defendant is his widow, and sole executrix and trustee under his will. The plaintiffs contend that the trust attempted to be credited is invalid, as suspending the power of alienation for a period not measured by one or two lives in being at the death of the testator; that the contingent limitations over at the end of the trust period of five years to issue or survivors fail for the same reasons; that the contingent limitations to the wife and children cannot stand, because not certain to vest in interest within a life or two lives in being at the time of the death of the testator; and that the contingent limitations to the wife and children, if they survive the five-year term, cannot stand without the estates that precede and follow them.

[1, 2] If the proper construction to be placed upon the language used by the testator, considered in connection with his intent, which must be gathered from the whole scheme of the distribution of his estate, creates an absolute trust period of five years, and is not measured by any life or two lives in being at the time of his death, the trust is invalid, and plaintiffs' contention must be sustained, unless, as defendant argues, the term during which distribution of the estate is postponed may be disregarded, and the estate distributed immediately in accordance with the provisions of the will.

Under the well-settled law of this state, the will must, if possible, be so construed as to render it valid, and effect must be given to the intention of the testator, when ascertained. I think it was the intention of the testator that the income of his residuary estate, and, if subsequent conditions (not foreseen) rendered it necessary, the principal, should, for the full term of five years, be devoted to the support and maintenance of his wife and three children, and that if any of them survived that term the trust should continue; that it should not be terminated before the expiration of five years, unless the wife and all of his children should die during that time. There is no specific limitation of the five-year term upon a life or two lives in being at his death; but, upon the contrary, his language and the scheme of distribution establish, I think, that the testator did not intend such a limitation.

The entire residue, both real and personal, is to be kept intact, unless unforeseen conditions rendered it necessary to use principal, the net income paid to the wife during the continuance of the trust, to be used for her support and that of her three children, the survivor or survivors. It is directed that the trust shall cease and determine at the expiration of five years from his death, and it is clear, I think, that he intended that it should not be terminated until that time, and that in the event of the death of his wife or any of the children the trust is nevertheless to continue for five years.

It is difficult to conceive of language which would more clearly indicate the testator's intent that distribution should not be had of his entire estate until the expiration of five years after his death, irrespective of who or how many of his cestui que trusts might die during such trust period. Until the expiration of five years, all of the remainders are contingent only; the survivors of the cestui que trusts then, and not until then, are vested with "an indefeasible and absolute estate of inheritance." The vesting in interest as well as the vesting in possession is postponed until the expiration of the five-year period, and until such time it could not be determined who would be entitled to the residuary estate.

[**3**] The contention of defendant that the trust term should be disregarded and the estate distributed immediately cannot be sustained. Such a disposition would cut off the ultimate limitations to surviving children, their issues, and the widow, contrary to the testator's clearly expressed intent that neither widow nor child should have any portion of the residuary estate, unless the same should be necessary for their support during the trust period. The contingent limitations cannot survive the failure of the rest of the instrument, and the residuary estate, real and personal, must be distributed in accordance with the provisions of the Decedent Estates Law relating to the inheritance of property of persons dying intestate.

Judgment may be entered accordingly.

HIRSCHBERG, THOMAS, and CARR, JJ., concur.

BURR, J. I dissent, and think that there is a construction possible which will save this will, and, if so, such construction should be adopted.

The purpose of the trust is to pay the income to testator's wife, Evelyn V. Smith, during the continuance of the trust hereby created, out of which she shall not only support and maintain herself, but also the testator's three children named. No trust can survive the purpose of its creation. If Mrs. Smith is the sole beneficiary of the income, then it must necessarily terminate at her death; but it may terminate before that time, to wit, at the expiration of five years. A trust for life, which may be terminated at some definite period within that life, is valid. Provost v. Provost, 70 N. Y. 141; Kahn v. Tierney, 135 App. Div. 897, 120 N. Y. Supp. 663, affirmed 201 N. Y. 516, 94 N. E. 1095. It does not seem to me that the trust could be construed as a trust in any sense for the benefit of the children, and that the clause with reference to the children's support out of the income was simply by way of relieving the mother from her legal obligation to support them out of her own estate. There is no direction that the income shall be divided equally among them, and there is no direction that, in the event of the death of one or more, the remaining income shall be paid to the survivors. I think this view is confirmed by the direction for the distribution of the corpus of the estate.

The first disposition provided is, one-third of such corpus to his wife, Evelyn V. Smith, and the remaining two-thirds in equal parts

to each of his three children, specifically named by him; that is, two-ninths each. Although this division is directed to be made at the end of five years, necessarily, to be accurately accomplished, both Mrs. Smith and all of the children must be then living. What happens if Mrs. Smith dies? The will says, in the event of the death of his wife before the period of distribution aforesaid, then (that is, at her death) the share of his estate distributable to her but for her death (that is, one-third thereof) shall go to and be divided among his children, or the survivor of them, in equal parts, share and share alike. What is to become of the other two-thirds? There is no provision for continuing the trust estate as to that, for there is no direction to pay the income to any one but testator's wife, and therefore, whether the five-year period has expired or not, the remaining two-thirds becomes immediately distributable among the three children, if they are then living. The death of one or more of the children during the five-year period would not terminate the trust, but the income would still be paid to Mrs. Smith during her life, or until the expiration of the five years. As to the corpus of the estate, should one or more of the children die during Mrs. Smith's life and before the termination of the five-year period, leaving issue, then, at the time of distribution, the share of the one so dying would go to such issue, and if either of such children should die during Mrs. Smith's life, or before the five-year period of distribution, without leaving lawful issue, then, when the estate was distributed, it would go to the survivors.

The only possible sentence that could cast doubt upon this construction is this:

"Or, if only one of my said children, or my wife survive the five-year trust period, then the whole of said estate and property shall vest in and be delivered to such sole survivor."

If testator's wife were the sole survivor of the five-year trust period, as I have pointed out, the will would be a valid one, since the period of distribution was reached during her life. But, suppose that Mrs. Smith and all but one of the children die during the five-year period, Mrs. Smith being the last one so to die; is the trust estate still continued until the expiration of five years? I think not: First, because there is no provision to pay the income to any one after her death; second, because at least as to one-third part thereof, by express provision of the will, the corpus becomes immediately distributable upon her death.

There being no intermediate trust estate as to the remaining two-thirds, the will might be construed as though it read:

"If my wife dies during the five-year period, leaving one child only surviving her, then, at the end of five years, I give two-thirds of the estate to such child."

But, there being no intermediate estate, the time for the devise to take effect would be anticipated, and, notwithstanding the five-year period had not expired, the remaining two-thirds of the estate would be immediately distributable.