CHARLES S. WHITMAN, as Administrator, etc., of EUNICE TERRY HALE, Deceased, Plaintiff, v. RODERICK TERRY and JOHN T. TERRY, Individually and as Executors, etc., of JOHN T. TERRY, Deceased, and EUGENE HALE, JR., Defendants.

First Department, March 30, 1921.

Wills — trusts — trust for benefit of grandchild during lives of testator's sons with remainder over to said grandchild — trust terminates on death of beneficiary prior to death of sons — corpus of trust estate passes to heirs of beneficiary — heirs take by substitution.

Under a trust created for the benefit of the testator's grandchild during the lives of his sons with a provision that " upon the death of my said sons said trust shall cease, and the principal of said trust estate shall be assigned or paid over to my said grandchild, Eunice Terry Hale, or her heirs and personal representatives," the death of the beneficiary terminated the trust and the corpus of the estate passed to her heirs at law.

The primary object in the mind of the testator was to create a trust for the sole use and benefit of his grandchild and upon the death of his trustees, or the termination of the trust, the corpus of the trust fund should be paid either to the grandchild if she was then living, or to her heirs if she was then dead; there was no immediate vesting of the estate represented by the trust in said grandchild upon the death of the testator.

While it is true that the maximum term of the trust created in the will was the life of the testator's sons, the testator also limited the trust upon the life of the beneficiary by the use of the words ". in trust, however, for the sole use and benefit of my grandchild."

When the testator directed the payment to his grandchild or to her heirs, he intended that the words " her heirs " should not be words of limitation, but of substitution.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Jacob H. Goetz* of counsel [*Charles S. Whitman* and *Colley E. Williams* with him on the brief; *Whitman, Ottinger & Ransom*, attorneys], for the plaintiff.

*Theodore M. Taft* of counsel [*Taft & Sherman*, attorneys], for the defendants Roderick Terry and John T. Terry.

MERRELL, J.:

This is a controversy submitted pursuant to section 1279 of the Code of Civil Procedure. The court is asked by the parties to construe certain provisions of the last will and testament of John T. Terry, deceased, for the purpose of determining the persons entitled to take the corpus and income of the trust created in the 7th article of decedent's will, which article reads as follows:

" *Seventh.* I give and bequeath to my sons, Roderick Terry and John T. Terry, Jr., and the survivor of them, one hundred (100) shares of stock of The Mercantile Trust Company (of New York) and one hundred (100) shares of stock of The Metropolitan Trust Company of the City of New York, in trust, however, for the sole use and benefit of my grandchild, Eunice Terry Hale, during the lives of my said sons, and the income therefrom, or from any securities which may from time to time constitute said trust estate, to be paid over to my said grandchild, Eunice Terry Hale, during the lives of my said sons, and upon the death of my said sons said trust shall cease, and the principal of said trust estate shall be assigned or paid over to my said grandchild, Eunice Terry Hale, or her heirs and personal representatives; and I hereby authorize my said sons to sell said shares of stock, or any other securities or property at any time held in the trust estate, and reinvest the proceeds derived from any such sale in such manner as they may agree upon."

The will was executed the 28th day of January, 1910, when decedent was eighty-eight years of age. A little over three years later and on May 3, 1913, testator died leaving

him surviving two sons, Roderick Terry and John T. Terry, Jr., and four grandchildren. Eunice Terry Hale, the life beneficiary named in the 7th article of decedent's will, was a child of the aforesaid Roderick Terry. Eunice Terry Hale, the said beneficiary, died on the 28th of December, 1919, intestate, and without any descendants. Her father, the aforesaid Roderick Terry, is her only heir at law and next of kin. She left, however, a husband, Eugene Hale, Jr., her surviving, and the plaintiff has been duly appointed administrator of her estate and is now acting as such.

It is claimed by the plaintiff that the corpus of the trust created under the 7th article of decedent's will vested immediately upon decedent's death in his said granddaughter, Eunice Terry Hale, subject to the execution of the trust, and that as Eunice Terry Hale was the owner of the next eventual estate, the plaintiff, as her administrator, is entitled to receive not only the corpus of the trust fund, but also the income.

The defendants, on the other hand, claim that while the actual duration of the trust was for the lives of the testator's two sons mentioned in the 7th article of his will, the sole object of the trust was to pay over the income to the said beneficiary, who is now dead; that the object of the trust having ceased, the corpus is now payable to Roderick Terry, father of said Eunice Terry Hale, who is, as aforesaid, her only heir at law and next of kin.

In order to sustain the defendants' contention it is necessary to find that the primary intention of the testator was to keep the property mentioned in the 7th article of his will in his family, and that it was his intention, in case of the death of said beneficiary prior to the death of the two trustees, that the corpus of the trust fund should be immediately payable to those persons who answered the description of heirs of Eunice Terry Hale. And it seems to me entirely clear that the primary object in the mind of the testator was to create a trust for the sole use and benefit of his said grandchild, and that, upon the death of his trustees or the termination of the trust, the corpus of the trust fund should be paid either to his granddaughter, Eunice Terry Hale, if she was then living, or to her heirs, in case she was then dead. The article in question contains no express words of gift or

devise, but directs the trustees, upon the termination of the trust, to assign and pay over said property to Eunice Terry Hale, " or her heirs and personal representatives." The language used by the testator clearly indicates that he had in mind a vesting at a future time and that futurity was annexed to the gift. If so, there was no immediate vesting of the estate in Eunice Terry Hale upon the death of the testator.

The contention of the plaintiff that the trust does not terminate until the death of the testator's two sons is not sound. As above stated, the trust was created for the sole use and benefit of decedent's grandchild. She now being dead, the purpose of the trust has terminated. (*Crooke* v. *County of Kings*, 97 N. Y. 421.) The opinion in the *Crooke* case was written by Judge FINCH and contains a very elaborate and learned discussion respecting the falling in of trusts of the character created in article 7 of decedent's will, and it seems to me to be particularly applicable to the facts over which the controversy at bar has arisen. In his opinion Judge FINCH states, in part, as follows: " The trust estate, by the literal language of the will, was made to begin at the death of Mrs. Crooke, to continue during the trustee's life, and to end by an absolute vesting of the estate at his death. * * * But the trust here is not, and the statute does not require that it shall be, limited as to its duration upon the lives of beneficiaries alone. Every such trust has three separate elements, intertwined closely, but capable of independent consideration and treatment. These are the trust property, the trust objects, and the trust term; what may be the property subjected to the trust; for whose benefit it may be created; and during what time it may continue. * * * Any two designated lives are made to serve merely as a standard, or measure of duration, and for that purpose it is not of the least consequence to the statutory intention whether such lives are those of beneficiaries or not. * * * But the inherent character of the trust, its own essential limitations, may very well form an element in the construction to be given to the language creating it. That character and those limitations are such that the trust cannot exceed in duration the lives of the beneficiaries, because upon their death its purpose is accomplished, and a trust supposes a

First Department, March, 1921.          [Vol. 196

beneficiary, and so its very creation implies necessarily, without express words, a termination at such period. If then, in creating the trust, one or two lives of persons not beneficiaries are designated as its measure of duration, it follows that such designation can never be intended to lengthen the trust beyond its possibility of existence, and that the language which confines its benefits to persons who are or may be living, sufficiently indicates an intention to end it at their deaths unless it is earlier terminated by the close of the selected life, or lives. And when in the present case the vesting of the fee was fixed at the death of the trustee, the close of the selected life, that must be read and construed in connection with the other necessary limit indicated by the language declaring the purpose of the trust, and held to mean that the vesting is to take place at the end of the designated life, or at the period less than that marked by the earlier death of all the beneficiaries. We are not to gather, from the language of the will, the absurd and destructive intention to continue a trust beyond the limit implied by its own nature and inherent character, unless compelled to it by language which will admit of no other interpretation. A similar construction has heretofore been adjudged by this court. In *Provost* v. *Provost* (70 N. Y. 141) the trust created was to receive the rents and profits, and apply them to the use of the wife until the children, of whom there were more than two, became of age; and the period of vesting was indicated thus: ' It is my will that when the children become of age the trust shall cease.' The literal language of its creation exposed that trust to most of the criticism indulged in here. It was not created in terms for the life of the wife; its duration was not limited upon the life of the beneficiary alone, but in combination with the full age of the children; the wife might die before the last of the children reached twenty-one, and so the trust be prolonged beyond the beneficial life. But this court refused to accede to any such literal and rigid interpretation, and held that the trust by necessary implication was for the life of the wife unless sooner determined by the majorities of the children, * * *. That is, a trust dependent upon lives, as beneficial objects, need not necessarily be dependent upon the same lives for its duration. The two

things are inherently different, and yet, when both enter into the constitution of the trust, they affect and modify each other, and together dictate the extreme limit of the trust. The natural term, which is the lives of all the beneficiaries, and the stipulated term, which is the close of the selected and designated lives, may either, taken separately, work out an unlawful trust; while construed together and in combination, as they should be, they bring the trust within the requirements of the statute. * * * Unless the language of the will creating the trust imperatively forbids, where both terms are present as elements of the creation, it must be construed to run for the natural term, except as shortened by the stipulated term; or for the stipulated term, except as shortened by the natural term. * * * The trust can outrun neither."

While it is true that the maximum term of the said trust created in the will before us was the life of the testator's two sons, the testator has, nevertheless, also limited the trust upon the life of the beneficiary by the use of the words " in trust, however, for the sole use and benefit of my grandchild, Eunice Terry Hale." In other words, the death of Eunice Terry Hale prior to the death of the testator's two sons terminated the trust.

As above indicated, I am of the opinion that there was no immediate vesting of the trust estate in Eunice Terry Hale. It is true that the law favors the vesting of remainders as early as possible, but generally such rule has been applied to avoid perpetuities, intestacy, illegal suspensions of the power of alienation, and to carry out the manifest intention of a testator. (*Dougherty* v. *Thompson*, 167 N. Y. 472.) On the other hand, it is the well-known rule of construction where no words of gift are found in a will, except in a direction to pay over or divide at a future time, that the gift is *in futuro* and does not immediately vest. (*Matter of Crane*, 164 N. Y. 71.) Judge PARKER, in his opinion in *Matter of Crane* (at p. 76) says: " Where the only words of gift are found in the direction to divide or pay at a future time, the gift is future, not immediate; contingent, and not vested." The same rule was also applied in *Dougherty* v. *Thompson* (167 N. Y. 472). (See, also, *Matter of Baer*, 147 N. Y. 348, 354;

*Delaney* v. *McCormack*, 88 id. 174, 183; *Delafield* v. *Shipman*, 103 id. 463.)

The testator in the article in question clearly provided for a payment over at a future time to either his grandchild Eunice Terry Hale or to her heirs. The testator certainly must have had in mind the possibility of the death of his grandchild prior to the death of his two sons. Therefore, when he directed the payment to his grandchild or to her heirs, he clearly intended that the words " her heirs " should not be words of limitation but of substitution. Several cases are cited by the plaintiff in which it has been held that quite similar words were words of limitation, but I think all of those cases are distinguishable as involving facts differing from those presented here. Certainly the case at bar must be decided upon the facts here involved, and the intention of the testator is not to be determined by applying the construction placed by the courts upon other wills made under varying conditions and circumstances. The will under consideration must be read in the light of all of the circumstances under which it was made. When it is considered that the gift was to take effect in the future; and that there is no indication that the decedent intended that the gift should take effect immediately, it seems to me indubitable that the testator meant to substitute the heirs of his grandchild Eunice Terry Hale in her place and stead in case of her death prior to the death of his two sons. When the testator used the term " or her heirs and personal representatives," in connection with the assignment of the property mentioned in article 7, it seems clear that the testator intended to keep his property within his own family and to confine its ultimate distribution to his own descendants. Such primary intention can only be carried into effect by holding that the words " or her heirs " were not intended to limit or define the estate which the testator intended to give to Eunice Terry Hale, but were intended to substitute the heirs of his grandchild in her place in case of her death. Such being the case, we must necessarily hold that the property held in trust under the 7th article of testator's last will and testament is immediately distributable and payable to Roderick Terry, father and only heir at law and next of kin of Eunice Terry Hale, deceased.

Judgment should be directed in favor of the defendant Roderick Terry, and the controversy determined in his favor.

DOWLING, LAUGHLIN, SMITH and GREENBAUM, JJ., concur.

Judgment directed in favor of the defendant Roderick Terry, without costs; the printing disbursements of the parties to be payable out of the trust fund.   Settle order on notice.