William T. Collins, S.
All parties are in agreement, as indeed they must be, that the direction in the will for accumulation of income is invalid and that the income directed to be so accumulated belongs ‘ ‘ to the persons presumptively entitled to the next eventual estate ” (Real Property Law, § 63). The next eventual estate is “ the estate which is to take effect upon the. happening of the event which terminates the accumulation. Those who presumptively will be entitled to receive the rents and profits when the period of accumulation ends, are entitled to anticipate the event which is to terminate the accumulation and to take at once the rents and profits which, are * * * unlawfully directed to be accumulated.” (Manice v. Manice, 43 N. Y. 303, 385.) The period of accumulation would end with the termination of the trust. The will directs the distribution of principal in the following manner: “ Upon the death of both my nephew, Ronald Ward and my beloved husband, Jacob E. Solky, I direct'my executors and trustees hereinafter named or their successors to divide the entire corpus of my estate into two equal parts or portions and I give, devise and bequeath, upon the death of my said husband and nephew, one of such equál parts to my brother Milton Ward and the other of such equal parts to my brother, Joseph P. Ward share and share alike; in the event that either or both of my said brothers should predecease both my nephew, Ronald Ward, and my husband, Jacob E. Solky, I give, bequeath and devise his share in the corpus of my estate to the issue of said brother or if he leaves no issue him surviving to the next of kin of said brother in any event per stirpes and not per capita.”
The brother, Joseph P. Ward, is living. It is conceded that he is entitled to one half of the income which the will unlawfully directs to be accumulated because he is presumptively entitled to one half of the corpus. The other brother, Milton Ward, predeceased the husband and the nephew, leaving three sons surviving him. One of them is Ronald Ward, whose life measures the trust, the husband being now dead.
*545 Petitioners seek to interpret the words “ the issue of said brother ” as meaning not all of his issue but only his issue exclusive of descendants of his son Ronald. The implication of such an intent is based upon pure guess, not justified by anything in the will. We have no justification for thinking that the words “ issue * * * per stirpes ” mean anything other than all of such issue. It is true that the period of unlawful accumulation will end only with Ronald’s death, and that Ronald cannot come within the class of issue of Milton Ward surviving at the termination of the trust. Descendants of Ronald would, however, come within the class of issue as of the termination of the trust. There is nothing in the will which would justify an implication of intent to exclude the descendants of Ronald Ward.
The question that immediately suggests itself, however, is whether the testatrix meant to refer to issue surviving at the termination of the trust or to issue surviving at the time of the brother’s death. The first interpretation would bring the child or children of Ronald Ward within the class of issue; the second interpretation would include Ronald rather than his descendants.
It is recognized by all here concerned that the gift of the remainder to Milton Ward was contingent. Concededly his death extinguished all of his interest in the fund. In respect of the contingent nature of the gift, it is significant that twice in a single sentence, the testatrix has said that division and distribution were not to occur until the death of “ both ” husband and nephew. In the words of gift to the two brothers, she reiterated that it was to be effective ‘ ‘ upon the death of my said husband and nephew. ” It is patent that in her mind the death of both of them was the point of time that had most significance. Had the testatrix ended the sentence after the substitutionary gift “ to the issue of said brother ”, there could be no doubt that issue living at the death of 1 ‘ both ’ ’ husband and nephew were intended. If she had wished to vest ownership in any relative regardless of his death during the trust term, presumably she would have vested it in her nearest relative, her brother. The interests of brother and his issue were, however, made contingent and defeasible. Her expectation presumably was that the interests, concededly contingent up to one point at least, would not become vested until the trust was at an end. (New York Life Ins. & Trust Co. v. Winthrop, 237 N. Y. 93, 102.)
There is nothing in the text which follows this substitutionary gift “ to the issue of said brother ” which would clearly contradict the intent thus manifested. Indeed, the remaining text serves only to reveal more clearly the contingent • character of the gift.
*546 The sixth paragraph of the will expresses the purpose of the testatrix to confine the gift of the corpus to her family. No one is made a beneficiary except her husband, her two brothers, the then living nephew and their issue. The sixth paragraph reads: 1 ‘ In making disposition of my worldly belongings I have carefully considered and deliberated upon the best manner and method of accomplishing the continued comfort and security of my beneficiaries. During my life I have made frequent and substantial gifts to various charities and I am confident that my beneficiaries will do likewise. I am sure that my family and host of friends will appreciate that in disposing of my estate I have done so in accordance with the dictates of sound reason and unbounded love and affection for all. ’ ’ The ‘ ‘ constructional preference ” for “ 1 favoring the blood of the testator rather than strangers ’ ” Matter of Campbell (307 N. Y. 29, 34) is here fortified by the expression of the decedent’s own preference for her family. By postponing indefeasible vesting until the trust ends, she assures a measure of “ comfort and security ” to “ [her] beneficiaries.”
The court cannot now determine who ultimately will become entitled to receive the principal on termination of the trust. The determination of that question will depend upon circumstances which the court cannot attempt to foresee. We determine only the present presumptive owners of the remainder. They are: Joseph P. Ward, one half; Richard E. Ward, one sixth; Alan B. Ward, one sixth; the issue of Ronald Ward, one sixth. Such issue now consists only of his daughter, Melinda Ward. The presumptive owners may change with changing circumstances. If other issue are born to Ronald Ward, they will be entitled to share in the one sixth of the undisposed income allocated to his issue. Ronald Ward is not a person ‘ ‘ receiving all or any part of such rents and profits ” (Real Property Law, § 63).
Submit decree on notice construing the will accordingly.