William T. Collins, S.
The testator bequeathed his residuary estate in trust to pay the income therefrom to three named children for the lives of two named grandchildren. The will provides: " upon the death of my said two granddaughters, to render and pay over the principal of such trust fund to my children Esther Weinstein, Edith Epstein and Herman Gardner in equal shares and parts, and to the then living issue of the said Esther Weinstein, Edith Epstein and Herman Gardner, if any of my said children be then deceased, per stirpes and not per capita.”
The three children survived the testator but now are dead. The two granddaughters are living. The trustee asks for a determination that the trust ended upon the death of the last survivor of the testator’s children and the trust remainder then became distributable to the persons then constituting the issue, per stirpes, of the children.
The lawyer unfamiliar with the multitude of decisions applying the rule against unlawful suspension of the power of alienation dictates his clients’ wills with the abandon of the uninitiate while the legal practitioner familiar with many of the decisions is abashed at the ingenuity of the judicial mind in its struggle to sustain the testator’s purpose despite deficiencies and even legal inadequacies in a testamentary instrument. The unavoidable consequence of the salvaging of wills has been that statutory law, at first reading appearing readily comprehensible, has been complicated in the mind of the practitioner to the point of distortion. In some of the minor skirmishes in the battle against intestacy victory over the rule against perpetuities has been accomplished by the device of the natural term.
In Provost v. Provost (70 N. Y. 141) the court construed a direction by the testator to pay the entire income of his real estate to his widow until all of his children should be of full age and at that time to divide the property among his widow and children. The testator was survived by his widow and nine *437 children, three of whom were infants. The court found that the testator had created a trust solely for the benefit of his widow and for her life only and inasmuch as upon her death the trust purposes would have been fully accomplished, the trust then would terminate unless terminated at an earlier date by the contingency explicitly provided for in the will, namely, the attainment of majority by the three infant children. The resultant finding was that the testator had not suspended the power of alienation beyond a single life in existence at the time of the trust’s creation.
Crooke v. County of Kings (97 N. Y. 421) was an action in ejectment which presented a problem of will construction inasmuch as the source of title to the property was a decedent who had devised the property in trust with the income payable to her daughter for the latter’s life and remainder to her children in the event the daughter failed to exercise a power of disposition in her lifetime or at her death. The daughter died without having disposed of the property by grant but in her will she bequeathed all of her property in trust for the life of her husband with the income payable for the education, support and maintenance of her children and the remainder to the children and their heirs. The trustee was granted a power of sale, which he exercised, and the litigation was between the children of the daughter and the grantee of her trustee. Although the trust created by the daughter was measured explicitly on a single life, that of her husband, parties to the litigation raised a question as to the trust’s validity principally because of the seemingly irrelevant fact that the beneficiaries of the trust, the daughter’s children, were nine in number. The court deemed it necessary to discuss the trust’s validity at length. Recognizing the fact, even at that time well accepted, that a trust’s duration need not be measured by the life of the beneficiary the court said (pp. 439^440): “ That is, a trust dependent upon lives, as beneficial objects, need not necessarily be dependent upon the same lives for its duration. The two things are inherently different, and yet, when both enter into the constitution of the trust, they affect and modify each other, and together dictate the extreme limit of the trust. The natural term, which is the lives of all the beneficiaries, and the stipulated term, which is the close of the selected and designated lives, may either, taken separately, work out an unlawful trust; while construed together and in combination, as they should be, they bring the trust within the requirements of the statute. The natural term alone might make the trust last beyond the lawful extent of two lives in being. The stipulated term alone might go beyond the *438 lives of the beneficiaries, but the two combined and made elements of the trust, in its creation, effect a lawful duration, and limit the trust to the stipulated term, unless before it is reached the natural term expires, or to the natural term unless before it is reached the stipulated term expires. Unless the language of the will creating the trust imperatively forbids, where both terms are present as elements of the creation, it must be construed to run for the natural term, except as shortened by the stipulated term; or for the stipulated term except as shortened by the natural term. In the present case, the trust created is limited for its beneficial objects, and so for its natural term upon the nine lives of the children, which would violate the statute by an unlawful suspension; but the trouble is corrected and made harmless by the presence also of a stipulated term, the one life of the trustee, beyond which the natural term is not allowed to run, and which in turn is itself modified so that it cannot carry the trust beyond the natural term. The trust can outrun neither.”
Kahn v. Tierney (135 App. Div. 897, affd. 201 1ST. Y. 516) involved a trust direction that income be paid to a designated person for the use and benefit of her five children, each of whom was to receive a portion of the trust principal upon attaining majority. The testatrix directed that upon the expiration of five years from the attainment of majority by the youngest child, or from that child’s death if it should occur earlier, the then remaining principal be paid to the mother of the children or her heirs. Following Crooke v. County of Kings (supra) the Appellate Division found that the will fixed three stipulated terms for the life of the trust, namely, the life of the mother of the five children, the time elapsing until the youngest child reached 26 years of age, and the life of such child. The court concluded that in no event could the trust extend beyond the lives of the mother and her youngest child and consequently an invalid suspension had not been directed in the will. The court went on to say that the trust would sooner terminate in the event of the death of all of the children in their mother’s lifetime. The affirmance by the Court of Appeals of the result reached below was without opinion. More recent decisions distinguishing’ between the natural term of a trust and its stipulated term are Matter of Simon (60 N. Y. S. 2d 539, revd. on another point 271 App. Div. 1006), Matter of Fischer (87 N. Y. S. 2d 324) and Matter of Gordon (103 N. Y. S. 2d 530).
Each of the cited cases was concerned with the initial validity of a trust and not with tbe interpretations or construction of a trust accepted as fundamentally valid. These decisions enunci *439 ate the concept that the duration of a trust may he determined by an event other than that explicitly designated by the testator as the termination point of the trust, but in each case the reference to such an alternative trust term was occasioned by the charge that a suspension of the power of alienation for the express term would be invalid in law. This view was carried into the Restatement of the Law of Property (vol. 4, Appendix, eh. A, par. 57) under the caption The New York Rule Against Perpetuities.
Whitman v. Terry (196 App. Div. 282) is a case which did not involve a question of unlawful suspension. There the trust was measured on the lives of two persons other than the income beneficiary and the testator directed that upon the expiration of the measuring lives the trust corpus be paid to the income beneficiary, or, if she then be dead, to her heirs. The court applied the reasoning of Crooke v. County of Kings (supra) and Provost v. Provost (supra) and held that upon the death of the beneficiary, before the expiration of the maximum term, the trust was at an end and the corpus was payable to the beneficiary’s heirs. There appears to be no subsequently reported decision citing this case on this point although it has been cited upon other issues considered in the opinion.
None of the above-cited decisions reached the point of determining the identity of remaindermen except Whitman v. Terry (supra) which, unlike the case at bar, did not involve a changing class of remaindermen inasmuch as the heirs of the beneficiary were fixed at her death irrespective of the time when the trust. terminated. In the case at bar the trust remainder is bequeathed upon the death of the testator’s two granddaughters to “ the then living issue of the said [three children], if any of my said children be then deceased.” If it is to be said that the trust came to an end upon the deaths of the named income beneficiaries, the persons to be classed as issue were determinable at the end of this natural term and would include the two grandchildren upon whose lives the stipulated term was fixed. If the trust is to continue for the term stipulated in the will, the issue of the beneficiaries will not be determined until the deaths of the two grandchildren and they will not be included as issue. Other changes that may occur in the class now constituting the presumptive remaindermen cannot be predicted. The testator has directed that the remaindermen be determined upon the deaths of the two grandchildren. His direction can be obeyed and in the view of this court it must be. It is the accepted rule that a contingent remainder cannot he accelerated (Matter of Fischer, 307 N. Y. 149) but that is what the court *440 would be doing were it to limit this trust to a natural term. Until the time fixed in the will for the trust’s termination the income will be payable to the persons presumptively entitled to the next eventual estate. (Beal Property Law, § 63.)
The application for authority to sell real property is granted.
Submit decree on notice.
(Supplemental decision)
The prior decision in this proceeding construed the testator’s will and determined that the residuary trust will not terminate until the deaths of the testator’s two granddaughters whose lives measure the trust’s duration. Since the trust is continuing, a question as to the ultimate distribution of the remainder does not confront the trustee at this time and in fact every question that later may arise cannot now be formulated. If issue of each of the former income beneficiaries are living at the termination of the trust, the precise manner of distributing the trust principal will be dependent upon the number and relationships of such issue. A contingency that can be anticipated is the possibility that two of the former income beneficiaries may not leave issue surviving the trust’s termination inasmuch as the existing issue of these beneficiaries are the two persons whose lives measure the trusts and these two persons now are without issue. The latter fact also affects the payment of trust income.
In the event that, at the trust’s end, there shall be no living issue of a former income beneficiary, a one-third share of the remainder will be payable to the estate of such beneficiary. The will directs that the trust remainder be paid over to the testator’s three children and the then living issue of any child then deceased and thereby the remainder interest of each child vested at the testator’s death subject to being divested by the death of such child prior to the termination of the trust leaving issue surviving the date of termination (Matter of Krooss, 302 N. Y. 424). It is immaterial whether the interest of an income beneficiary be termed a vested remainder subject to divestment, a contingently vested remainder or a defeasible remainder (Matter of Leonard, 143 Misc. 172), its contingent nature requires that an ultimate conclusion as to the remainder interest, if any, of the estate of a deceased income beneficiary await the trust’s termination, but in two instances the present interests of estates of deceased income beneficiaries are such as to entitle them to trust income. The testator’s granddaughters whose lives determine the duration of the trust are not presumptive remaindermen (Matter of Solky, 4 Misc 2d 543) and, as they *441 are the only issue of their parents, the estates of the parents Edith Epstein and Herman Gardner are presumptively entitled to the next eventual estate and each estate is entitled to a one-third share of trust income until such time as the said granddaughters shall have issue or the trust shall sooner terminate.
Submit decree on notice.