## (November 29, 1960)

■ In the Matter of the Construction of the Will of MOSES GARDNER, Deceased. RICHARD LIEBMAN, as Executor of ALICE W. LIEBMAN, Deceased, et al., Appellants-Respondents; ROSE HYMAN, as Successor Trustee, Respondent; ALAN V. KAUFMAN et al., Respondents-Appellants.— Decree unanimously affirmed, with costs to all parties filing briefs payable out of the estate. The express provisions of the will of the decedent were that the trustee should collect the income from the trust fund and pay the same over "to and for the use, maintenance and support of my children Esther Weinstein, Edith Epstein and Herman Gardner * * * equally share and share alike, until the death of my granddaughters, Rosie Epstein and Miriam Gardner, and upon the death of my said two granddaughters, to render and pay over the principal of such trust fund to my children Esther Weinstein, Edith Epstein and Herman Gardner in equal shares and parts and to the then living issue of the said Esther Weinstein, Edith Epstein and Herman Gardner, if any of my said children be then deceased, per stirpes and not per capita." By virtue of these provisions, the term expressly stipulated for the duration of the trust was a period to continue until the death of the named granddaughters. The testator, at the time of the making of his will, necessarily had in mind that his said two granddaughters, Rosie Epstein and Miriam Gardner, aged respectively 11 and 4, were considerably younger than his children and that his three named children would in all probability die before the two younger granddaughters. Nevertheless, he expressly specified that the trust fund should be paid over on the death of the two grand-daughters. Furthermore, the testator expressly provided that, upon the death

of his two granddaughters, the remainder should be paid over to his said three named children and to the "then living issue" of any of the same who were "then" deceased. Thus, as was pointed out by the learned Surrogate below, the testator created a contingent remainder in "issue" with the persons entitled to take as such determinable as of the time of the death of the last of the two granddaughters. Therefore, the court may not terminate the trust prior to the death of the two granddaughters, for to do so would amount to the unlawful acceleration of a contingent remainder (see *Matter of Fischer,* 307 N. Y. 149) and tend to thwart the plainly expressed directions of the testator. It appears that the testator's three named children, who were designated as the primary beneficiaries of the trust, have now all died, the last to die being Edith Epstein, who died on May 15, 1955. By virtue of these circumstances the granddaughters sought a determination declaring the trust at an end notwithstanding the term provided for by the testator for its duration has not yet ended. The granddaughters contend that the natural term of the trust was the lives of the primary beneficiaries thereof, namely, the lives of the testator's said three children, and that the stipulated term for the ending of the trust was subject to the shortening thereof on the expiration of such alleged natural term. The granddaughters cite *Provost* v. *Provost* (70 N. Y. 141); *Crooke* v. *County of Kings* (97 N. Y. 421); *Kahn* v. *Tierney* (135 App. Div. 897, affd. 201 N. Y. 516) and *Whitman* v. *Terry* (196 App. Div. 282). As pointed out, however, by the learned Surrogate below, in each of the cited cases, excepting *Whitman* v. *Terry* (*supra*) the primary question before the court had to do with the initial validity of the particular trust which was assailed on the ground that the stipulated term therefor worked an unlawful suspension of the power of alienation; and, the holding of the court in each of such cases, excepting in *Whitman* v. *Terry* (*supra*) that the particular trust would in any event terminate on the ending of an alleged natural term therefor was a holding arrived at in order to sustain the validity of the trust. In any event, the cited decisions, including the decision in *Whitman* v. *Terry* (*supra*) certainly do not warrant the termination of a testamentary trust at the end of the lives of the specifically named life beneficiaries where, as here, such a holding is unnecessary to the sustaining of the validity of the trust and would operate to terminate the trust contrary to the term expressly fixed by the testator for its duration and, particularly, where, as here, such holding would operate to terminate the trust as of a time prior to the time fixed by the testator for the determination of a class of persons who may be entitled to share in the remainder. (Cf. *Matter of Thorne,* 9 Misc 2d 126, affd. 6 A D 2d 783, affd. 6 N Y 2d 967.) As bearing upon the determination of the persons entitled to or who may be entitled to take the remainder of the trust fund, the testamentary provision, as noted aforesaid, was that "upon the death" of the two granddaughters, the remainder was to be paid over "to my children Esther Weinstein, Edith Epstein and Herman Gardner in equal shares and parts and to the then living issue of the said Esther Weinstein, Edith Epstein and Herman Gardner, if any of my said children be then deceased, per stirpes and not per capita". Clearly, these provisions effected a present gift of the remainder to the three named children, they being persons in being at the time of testator's death, subject, however, to be divested as to any one of them by his or her failing to survive the duration of the trust "if, but only if, such remaindermen leaves issue or decedents surviving". (*Matter of Krooss,* 302 N. Y. 424, 429, and cases cited; also, *Matter of Campbell,* 307 N. Y. 29, 33; *Matter of Ablett,* 3 N Y 2d 261.) Concur — Breitel, J. P., Rabin, McNally and Eager, JJ. [4 Misc 2d 435.]