In the Matter of the Application of GEORGE W. BRIDGMAN, Individually and as President of the Uniformed Firemen's Association, Inc., of the City of Mount Vernon, Petitioner, for a Mandamus Order against CHARLES COSSE and Others, Constituting the Municipal Civil Service Commission of the City of Mount Vernon, Respondents.*

Supreme Court, Westchester County, October 8, 1935.

*H. Eliot Kaplan*, for the petitioner.

*Frank A. Bennett, Corporation Counsel* [*Irving J. Bland* of counsel], for the respondents.

*Seth T. Cole*, for the Firemen's Association of the State of New York and Officers and Members Association of the Mount Vernon Fire Department, *amicus curiæ.*

*Affd., 246 App. Div. 632.

WITSCHIEF, J.   On May 3, 1935, the board of estimate and contract of the city of Mount Vernon established the position of first deputy fire chief in the fire department of that city, and attached a salary of $3,500 to the office created.   The civil service commission of the city placed the position in the competitive classified service. The local commission has announced an examination open to all male persons who have been residents of Mount Vernon for two years and who have served in a paid fire department as a first grade fireman, and to all members of the Mount Vernon fire department, both paid and volunteer, who have served five years or more, provided that all applicants must have reached the age of thirty years and not have passed the age of forty years.   The petitioner asks that the commission be required to restrict the applicants for examination to members of the paid fire department and to exclude all members of the volunteer force.   The only statutory provision affecting the question is contained in section 16 of the Civil Service Law, which provides that positions in the competitive class shall be filled, so far as practicable, by promotion.   But the statute does not provide who shall be entitled to promotion, and especially does not distinguish between the paid and volunteer members of the fire department.   There is no apparent reason why volunteer firemen may not be as much entitled to promotion as paid firemen.   In the absence of any statutory command, the question appears to be one calling for the exercise of discretion.   That being so, the discretion exercised by the local authorities should not be interfered with by the court.   (*People ex rel. Schau* v.  *McWilliams,* 185 N. Y. 92.) The members of the volunteer force are persons of lower grade in the department from amongst whom a selection for promotion might be made, as much as are the members of the paid force.   The allegations of the petition as to an improper motive on the part of the local commission are unsupported by facts and are evidently pure conjecture.   The age limits fixed may be of debatable merit, but here again the judgment of the court should not be substituted for that of the local commission.

Motion denied, without costs, and stay vacated.