In the Matter of the Application of GEORGE W. BRIDGMAN, Individually and as President of the Uniformed Firemen's Association, Inc., of the City of Mount Vernon, Appellant, for a Mandamus Order against CHARLES COSSE and Others, Constituting the Municipal Civil Service Commission of the City of Mount Vernon, Respondents.— The petition of a paid member of the fire department of the city of Mount Vernon asked for a peremptory order of mandamus directing the municipal civil service commission of that city to change its notice of examination for the position of first deputy chief of the fire department so as to exclude from the examination volunteer members of the department who had served five years or more, and to limit the examination only to regular members of the paid fire force holding the rank or grade of first grade fireman in the department, and for other relief. Order denying the application for order of peremptory mandamus unanimously affirmed, without costs, as a matter of law and not in the exercise of discretion. It was within the discretion of the municipal civil service commission to determine whether the examination should be open to those having experience in executive capacity, whether they were paid or volunteer firemen. (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92; *People ex rel. Merritt* v. *Kraft*, 145 App. Div. 662; affd., 204 N. Y. 626.) Present — Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ. [157 Misc. 8.]

JOSEPHINE V. BIGGS, Respondent, v. THOMAS A. SALADINO, Appellant. — Action for accounting, for damages for conversion of funds, for recovery of shares of stock unlawfully taken, for reassignments of mortgages to plaintiff unlawfully held by defendant and for other relief. After the trial had begun and plaintiff had testified, the parties agreed upon a settlement of the controversy and entered into a written stipulation which in part the defendant performed. Defendant then moved to vacate the stipulation and the order of discontinuance and was granted a new hearing. The trial was renewed. On this trial he and his attorney appeared; but without substitution another attorney sought to represent the defendant. The court would not recognize his right to appear for defendant. As a result, no further proof was offered in defendant's behalf. Findings were made in favor of the plaintiff and judgment entered thereon. The defendant submitted no proposed findings, and has filed no exceptions to those made by the court; and is, therefore, in no position to question irregularities in the judgment. There appear to be no merits to the defense and it does appear that the default made by the defendant on the trial was willful and deliberate. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

MICHAEL V. CAMPBELL, Appellant, v. CURTIS H. MUNCIE, Defendant, and ADA HICKS MUNCIE, Respondent. (Appeal No. 1.) — On authority of *Campbell* v. *Muncie, Appeal No. 2* (*post*, p. 633), decided herewith, order granting defendant Ada Hicks Muncie's motion under rule 107, subdivision 7, Rules of Civil Practice, to dismiss the complaint because the cause of action had been released, and the judgment entered pursuant to said order, reversed on the law and the facts, with ten dollars costs and disbursements; and it is directed that the question of fact as to the validity and applicability of the release be tried by a jury and the findings thereof reported to the Special Term for its action on the motion as provided in rule 108 of the Rules of Civil Practice. Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ., concur.