In the Matter of the Application of MERTIN·B. SULLIVAN and Others, Petitioners, for a Mandamus Order against JAMES E. FINEGAN and Others, as Constituting the Municipal Civil Service Commission, Respondents.*

Supreme Court, Special Term, New York County, April 15, 1937.

* Affd., 275 N. Y. 129.

*Seth T. Cole,* for the petitioners.

*Paul Windels, Corporation Counsel* [*Thomas W. A. Crowe* of counsel], for the respondents.

MILLER, J.   The petitioners are members of volunteer fire companies in the borough of Richmond, which are about to be disbanded because of the extension of the system of paid firemen to their territory.   Section 722 of the Greater New York Charter, as amended by chapter 700 of the Laws of 1904, provides that when such a situation arises, the members of the volunteer companies in active service shall be preferred for appointment in the paid department.   This petition seeks to compel the municipal civil service commission to hold a non-competitive examination open to the volunteer firemen in order to give effect to the preference mentioned in the charter.   The mandate of the Constitution (Art. 5, § 6) is that appointments and promotions in the civil service of the State and of all the civil divisions thereof shall be according to merit and fitness, to be ascertained, so far as practicable, by examination, which, so far as practicable, shall be competitive.   A non-competitive examination would violate the constitutional provision, because there is no room for argument that competitive examinations for the positions are practicable.   Such examinations have been held for many years.   The only question is whether section 722 of the charter, which would seem to sanction a non-competitive examination, in the instant circumstance shall be permitted to prevail in the face of the express constitutional provisions.   In *Matter of Carow* v. *Board of Education* (272 N. Y. 341, 346) it is said: " The constitutional mandate is clear, and includes within its scope appointment to every position in the civil service of the State which is not excluded by some other provision of the Constitution."   The only exemption by the Constitution itself is that in favor of persons honorably discharged from military or other like

service disabled in the performance of war duties. No exemption by special statute in favor of any other class can be deemed valid, if competitive examinations are practicable. The fact that for many years past effect has been given to section 722 of the charter by allowing preference to volunteer firemen does not give validity to it against the express provision of the Constitution. The ruling in *Matter of Bridgman* v. *Cosse* (157 Misc. 8; affd., without opinion, 246 App. Div. 632; 271 N. Y. 535) does not support the contention of the petitioners. There a promotion examination for the position of first deputy chief of the fire department of Mount Vernon was involved. The court sustained the discretion of the civil service commission in permitting members of the volunteer companies to take the examination as well as those belonging to the paid department. The examination, however, was to be competitive, and was thus in conformity with, and not in violation of the Constitution.

The petition for a mandamus is denied.