The People of the State of New York ex rel. Fanny S. Sweeney, Respondent, Appellant, v. William Gorham Rice and Others, as Commissioners of the Department of Civil Service of the State of New York, Appellants, Respondents.— Cross-appeals from an order granting an alternative mandamus order. Plaintiff appeals from so much of the order as grants a change of place of hearing and denies her application for a peremptory mandamus order. Defendants, as commissioners of the State Department of Civil Service, appeal from so much of the order as grants an alternative mandamus order. Plaintiff's appeal from the granting of a change of place of hearing was withdrawn at the argument. Order, in so far as it denies the motion for a peremptory mandamus order, affirmed; in so far as it grants the motion for an alternative mandamus order, it is reversed, and the motion denied; all as a matter of law and not in the exercise of discretion, and without costs. Defendants called an examination for the position of court stenographer in the Supreme and County Courts in the First and Second Judicial Districts, and in the call announced that two eligible lists would be established from the examination (A) for shorthand reporters and (B) for stenotypists. Plaintiff, who writes shorthand and also operates a stenotype, entered the examination as a stenotypist with knowledge of the announcement as to the two lists. She received the highest rating in the examination and her name was placed at the head of the stenotypist list (B). She asked that defendants be required by peremptory mandamus order to establish but one list and to place her name at the head of it. Defendants, in establishing the two lists, acted within their lawful powers and in the reasonable exercise of discretion. (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92, 99; *People ex rel. Moriarty* v. *Creelman*, 206 id. 570, 576; *Matter of Bridgman* v. *Cosse*, 246 App. Div. 632; affd., 271 N. Y. 535.) Futhermore, plaintiff entered the examination with knowledge that two lists would be established and elected to compete for a place on the stenotype list (B). She cannot now question the action of the defendants in placing her on that list. Hagarty, Davis, Johnston and Taylor, JJ., concur; Close, J., concurs in result.