In the Matter of LEON MENDELSON, Respondent, against PAUL J. KERN et al., Constituting the Municipal Civil Service Commission of the City of New York, Appellants.

Argued April 21, 1938; decided May 31, 1938.

*William C. Chanler, Corporation Counsel* (*Robert H. Schaffer* and *Paxton Blair* of counsel), for appellants.

*Gabriel L. Kaplan, Sidney A. Fine* and *Max Rosner* for respondent.

Order affirmed, with costs; no opinion.

Concur: CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ. FINCH, J., dissents in the following opinion:

FINCH, J. (dissenting). The Municipal Civil Service Commission appeals by permission of this court from an order of the Appellate Division affirming a peremptory order of mandamus directing the cancellation of a competitive promotion examination for the position of law assistant, grade 2, conducted by the Civil Service Commission on March 24, 1937.

The single issue presented upon this appeal is whether clerks in the law department of the city of New York, after the completion of a year's service in that capacity, may take a promotion examination for the position of law assistant in the same department.

On February 8, 1936, the Municipal Civil Service Commission held an open competitive examination for the position of law clerk, grade 1, and examiner, grade 1. The petitioner was one of those who took and passed this examination and was placed first on the eligible list. On August 18, 1936, the rules of the Municipal Civil Service Commission were amended so as to change the title of the position to law assistant, grade 2, which position was ruled identical with law clerk, grade 1, and examiner, grade 1. On February 10, 1937, the Municipal Civil Service Commission directed the holding of a competitive promotion examination for the position of law assistant, grade 2, with eligibility open to all persons in grades 2 and 3 of the clerical service and grades 1, 2 and 3 of the attendants' service, who had been employed for not less than one year in those positions in the law department. At the request of the law department eligibility for this examination was opened also to clerks, grade 1, who had been admitted to the bar and

who had served for a period of not less than one year. On March 24, 1937, thirty-eight candidates participated in this promotion examination, of whom four were successful and now appear upon the promotion eligibility list for appointment. Three of the four successful candidates bore the title of clerk, grade 2, and one, clerk, grade 1.

Thus two examinations were held for the same position. The first was an open competitive examination and the second was a competitive promotion examination.

All the positions involved are contained in the competitive class of the civil service. Clerks appear in part 2 of the clerical service and law assistants in part 5 of the legal service. Petitioner claims that, although both are included in the competitive class, clerks in the clerical service cannot be declared eligible to take a promotion examination for the position of law assistant in the legal service. Therefore, this proceeding was instituted to direct the cancellation of the competitive promotion examination on the ground that the clerks had been improperly declared eligible to take such an examination. The court at Special Term held that the classification of the positions of clerks and law assistants in two separate parts of the secondary classification, namely, clerical and legal, raised a presumption of dissimilarity in duties and in the original entrance examinations for the positions; that the open competitive examination taken by petitioner consisted of questions which tested legal knowledge, whereas the open competitive examination taken by the clerks before their original entrance to their position as clerks consisted of tests designed to measure clerical skill and abilities; that judged by the standards of the open competitive examinations for each of these positions, a clerk was not eligible to take the open examination for law assistant. No weight was given by the court at Special Term to the fact that the examination for promotion to law assistant was not one dealing with clerical skill and ability but was a thorough test of legal knowledge.

The Appellate Division affirmed the Special Term on the ground that the Municipal Civil Service Commission, by holding the promotion examination, violated its own rule as to eligibility.

I take up the applicable law and rules. Section 16 of the Civil Service Law (Cons. Laws, ch. 7) deals with promotions. The rule regarding eligibility for promotion examinations is stated in the first sentence of this section as follows:

" § 16. Promotion. * * * Vacancies in positions in the competitive class shall be filled, so far as practicable, by promotion from among persons holding positions in a lower grade in the department, office or institution in which the vacancy exists. * * * "

This primary rule for promotions in the civil service has obviously been adopted from common experience. It accords with what often happens in the workaday world.

This brings me to a consideration of the three limitations provided in section 16 upon the operation of this rule. *First*, such promotions may take place only " * . * * so far as practicable;" *second*, specific authorization must be had from the State or local Civil Service Commission; *third*, an examination must be passed for the higher position.

In considering whether the promotion in the case at bar was practicable and within the discretion of the Commission, it is to be noted that a comparison of the duties of clerks and of law assistants, taken from this record, shows that the work of the lower position tends to qualify the employee for the performance of the duties of the higher position. This furnishes the test. Among the duties of clerk are the filing of papers, the conforming of law papers and the answering of calendars. The work of law assistant, grade 2, consists of elementary legal work. There is nothing in the work of the latter which renders the position one to which a clerk may not with reason seek promotion. Such promotion was, therefore, practicable, and it was well within the discretion

of the Municipal Civil Service Commission to authorize the promotion examination. (See *Bridgman* v. *Cosse,* 157 Misc. Rep. 8; affd., 246 App. Div. 632; affd., 271 N. Y. 535.)

Section 16, however, goes further and safeguards efficiency by providing that " nor shall a person be promoted  *  *  *  to a position for original entrance to which there is required by this chapter or the rules an examination involving essential tests or qualifications different from or higher than those required for original entrance to the position held by such person, unless he shall have passed the examination or attained a place upon the eligible list for such higher position." In other words, at the same time that section 16 provides the main rule regarding promotions, that they shall be filled from among persons holding positions in a lower grade in the same department, office or institution, it safeguards abuse of this principle by providing that such promotion shall be made only so far as practicable, that they must be authorized by the State or local commission, and that no person shall be promoted to a position for original entrance to which there is required an examination involving essential tests or qualifications different from those required for original entrance to the position held by such person, unless he shall have passed the examination or attained a place upon the eligible list for the higher position. In the case at bar the promotion was in accordance with the main rule laid down in the Civil Service Law, and came within the three limitations provided in this section.

Petitioner next contends that the rules of the Municipal Civil Service Commission bar those in the clerical service, although in the same department, from promotion to the position of law assistant which is in the legal service. He relies on rule 5, section 10, subdivision 13. This provides that " The Commission may by formal resolution extend eligibility for promotion to positions appearing in Part I, the Ungraded Service; Part III, the Engineering Service; Part VI, the Attendants Service; Part IX,

the Prison Service, and Part XII, the Medical Service, to persons who have served in positions appearing in another part of the classification where it shall find that the nature of the duties of the positions held by such persons is such as properly fits them to perform the duties of the positions to which they seek promotion, as fully as do the duties of persons who are *regularly eligible* for such promotion examinations." (Italics interpolated.)

To determine who are "regularly eligible" for such promotion examinations one must turn to subdivision 4 of the same rule and section. There he finds: " Eligibility for promotion *shall be limited* to persons who have served in the next lower grade or rank for not less than six consecutive months immediately preceding the examination in the department, office, or institution for which the examination is held." It may be assumed that the clerk was in a lower rank than that of law assistant. Nevertheless, the subdivision above quoted entitles him to take the promotion examination if within the other requirements of section 16 of the Civil Service Law. Subdivision 4 must be read in conjunction with subdivision 13 of this same rule. So reading I find that subdivision 13 mitigates to some extent the limitation on eligibility for promotion contained in subdivision 4 by extending eligibility for promotion with the approval of the Commission to those not in the same department, office or institution, if they are in the ungraded service, the engineering service, the attendants' service, the prison service or the medical service. Here, too, the merit system is safeguarded by allowing no promotion unless the same limitations are complied with which apply to regular promotions occurring in the same department, office or institution, and in addition the Civil Service Commission must find that the nature of the duties of the positions held by such persons is such as properly fits them to perform the duties of the positions to which they seek promotion. From 1918 to 1927 the legal service also appeared in subdivision 13 as one of the parts to which promotion might be made from another part.

In 1927 subdivision 13 was amended and legal service omitted. Respondent contends that after subdivision 13 was so amended, no such promotion might be made even though those seeking promotion from one part to another were among persons holding positions in a lower grade or rank in the same department, office or institution in which the vacancy exists. As already shown, however, all that this amendment of subdivision 13 did was to bring about the discontinuance of promotions from or to the legal service if the persons seeking promotions were not in the same department, office or institution. If they were in the same department, office or institution, then promotions would be authorized in the regular course in accordance with section 16 of the Civil Service Law and subdivision 4 of section 10 of rule 5.

The above constructions are confirmed by the fact that this promotion examination has not only been specifically authorized by the Municipal Civil Service Commission, but these identical promotion examinations have been held by successive Commissioners since 1918. Even after subdivision 13 was amended in 1927 so as to omit legal service from the provisions of that subdivision, the Civil Service Commission construed the Civil Service Law and rules as decided herein and conducted the same promotion examinations as formerly and declared the same employees eligible. Between June 25, 1927, the date of the omission of the legal service from the provisions of subdivision 13, and October 22, 1935, six such promotion examinations similar to that in the case at bar were held. Moreover, the record shows that in many other departments of the city government, and in the courts, eligibility for promotion to a position in a part not specified in subdivision 13 has been extended to employees in another part of the classification, provided such persons held positions in a lower grade in the same department, office or institution in which the vacancy existed. Court attendants, interpreters, probation officers, clerks and stenographers have been permitted to take promotion examinations for positions in the legal

service, such as court clerks, assistants, and deputies, clerks in courts, title examiners, grade 1. While this practicable construction of their own rules by successive Commissions over a period of so many years is not decisive, yet it is somewhat persuasive. In *Story* v. *Craig* (231 N. Y. 33) this court, in adverting to a somewhat similar situation, said: " Doubt, however, if it might otherwise exist, is dispelled by a practical construction that is continuous and uniform. [Citing cases.] The commission presumably knew its own rules, and understood them. * * * That would be significant though the positions now in controversy were the only ones affected. The significance is heightened when we learn that there are many others. The record states without contradiction that a host of officers and employees in all or nearly all the departments of the city government have been appointed and promoted to positions not enumerated in schedules. We do not readily overturn the settled practice of the years " (p. 40).

The conclusion I have reached is not weakened by a consideration that the merit system relies as much upon the importance of protecting the right of an employee to seek promotion, as it does to safeguard the original appointment. Were this not so the merit system would fail in one of its primary purposes, namely, that of attracting persons who look forward to making a career of public service.

The order appealed from should be reversed and the petition denied, without costs.

Order affirmed.