In the Matter of the Application of FRANCIS KINNERNEY, Respondent, for an Order Directing the MUNICIPAL CIVIL SERVICE COMMISSION OF THE CITY OF HORNELL, Appellant, to Hold a Promotional Examination in Accordance with the Civil Service Law of the State of New York, and the Rules of the Civil Service Commission of the State of New York, and of the Municipal Civil Service Commission of the City of Hornell.

Fourth Department, May 21, 1941.

*Harry L. Allen*, for the appellant.

*W. Earle Costello*, for the respondent.

CROSBY, P. J.    There is a vacancy in the office of chief of the fire department of the city of Hornell.    The office is in the competitive class of the civil service.    The department of public safety has the duty of making an appointment to fill the vacancy.

On December 12, 1940, that department passed a resolution requesting the civil service commission " to furnish this Department of Public Safety with an eligible list through an open competitive examination for the appointment of Chief of said department, at the earliest possible date." The resolution further stated: " The reason for requesting an open competitive examination is that it is impracticable to hold a closed competitive examination within the Department because of the limited field for promotion." The last-quoted words were added to the resolution in order to comply with the requirements of section 16 of the Civil Service Law; and by the words " limited field for promotion " it was clearly meant to be stated that the fourteen members of the fire department were too small a number to make a promotional examination practicable.

In pursuance of that resolution the civil service commission posted a notice, reciting the resolution of the department of public safety, and stating: " To whom it may concern: In accordance with request of the Department of Public Safety of the City of Hornell the Municipal Civil Service Commission of the City of Hornell announces that an open competitive examination will be held at some future date, to be announced later, for the position of Chief of the Fire Department of the City of Hornell."

This notice was posted in pursuance of section 16 of the Civil Service Law, which provides that " Such request [for an examination] shall not be acted upon until said notice has been posted * * * for a period of fifteen days."

It is stated in the answer to the petition in this proceeding, and nowhere disputed, that the fifteen-day period last mentioned would expire on January 3, 1941. Before that date, and on December 30, 1940, the petitioner started this proceeding, in the nature of mandamus, which resulted in the order appealed from, which was an order vacating and setting aside both the request of the department of public safety and the notice of the civil service commission and directing the civil service commission to hold a promotional examination " limited to the present members of the Fire Department of the City of Hornell."

We omit consideration of the question whether any such proceeding as this should have been begun while the civil service commission's notice was pending, and before the commission had made a determination as to what it would do, and what kind of an examination it would conduct; and we omit discussion of the question, raised by respondent, whether or not the civil service commission and its members are parties aggrieved and entitled to appeal, for this court has already decided that question when a

motion was made to dismiss this appeal. And we go immediately to the question whether or not the court should interfere with the judgment and discretion of the civil service commission in determining that the public interest will be best served by an open, rather than a promotional examination.

Whether the acts of civil service commissions are to be viewed as judicial decisions, subject to review by the courts, in what used to be certiorari proceedings, or whether they are to be regarded as legislative or executive in character, so as to be reviewable by the courts only when corrupt, arbitrary or erroneous in law, in proceedings formerly called mandamus, is a question now finally settled, as shown by the language of the opinion of the Court of Appeals in the case of *Matter of Simons* (204 N. Y. 253): " The Civil Service.Law has been a prolific source of controversy and the subject of much judicial discussion. Its genesis and development are now familiar history. The principle which gave it birth is now imbedded in our Constitution. Some of the earlier decisions which for a time stood as landmarks have been swept away by later legislation, or supplanted by more recent judicial views based in part upon a gradual and systematic evolution of the statute and in part upon a better understanding of its practical workings. The trend of the earlier cases reached its logical culmination in *People ex rel. Sims* v. *Collier* (175 N. Y. 196), where it was held that the duty of classification under the Civil Service Law was quasi judicial in its nature and was, therefore, not reviewable by mandamus but by certiorari as in other cases involving judicial functions. This was in 1903. Three years of experience under that decision demonstrated that this court had in effect assumed the functions of the civil service commissioners, for every challenged decision of these officers was brought to this court as a question of law. The case of *People ex rel. Schau* v. *McWilliams* (185 N. Y. 92), which came to us in 1906, very pointedly presented the unfortunate tendencies of our decision in the *Sims* case, and after mature deliberation we decided to retract our earlier views and held that the determination of a civil service commission in classifying positions in the public service, although involving the exercise of judgment and discretion, is more of a legislative or executive character than judicial or quasi judicial."

While the foregoing case is one involving the matter of classification in the public service, it is not essentially·different from the instant case in principle.

The case of *Matter of Bridgman* v. *Cosse* (157 Misc. 8; affd., 246 App. Div. 632; affd., 271 N. Y. 535) was one where the civil service commissioners were called upon to hold an examination

to determine the fitness of persons for the office of deputy fire chief of the fire department of the city of Mount Vernon. The city was served by two classes of firemen — paid firemen and unpaid firemen. It was held that the court should not compel the civil service commissioners to limit the examination to members of the department of paid firemen. (See, also, *People ex rel. Moriarty* v. *Creelman,* 206 N. Y. 570; *Matter of Sloat* v. *Board of Examiners,* 274 id. 367; *Matter of Friedman* v. *Finegan,* 268 id. 93; *Matter of Cowen* v. *Reavy,* 283 id. 232, 237.)

We reach the conclusion that the court should not have interfered with the actions of the department of public safety and the civil service commissioners in this matter. To be sure the department of public safety has not appealed, but it has never recalled or repudiated its request for an open examination. All it did was to submit to the order of the court. For anything that the record shows, the department of public safety, which has to appoint the fire chief, still believes that an open examination is best for the city of Hornell.

The order should be reversed on the law, without costs, and proceeding dismissed, without costs.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ.

Order reversed on the law, without costs, and proceeding dismissed, without costs.