In the Matter of JOHN P. GUNNING, on Behalf of Himself and Others Similarly Situated, Petitioner, against HENRY ALTMAN et al., Constituting the Municipal Civil Service Commission of the City of Buffalo, et al., Respondents.

Supreme Court, Special Term, Erie County, December 28, 1949.

*Michael Catalano* for petitioner.

*Fred C. Maloney* and *Gerald J. Shields* for respondents.

VANDERMEULEN, J. This is an application of John P. Gunning, the petitioner, for an order under article 78 of the Civil Practice Act against the Buffalo municipal civil service commission and the Buffalo commissioner of fire, directing the commission forthwith to rescind the certification of the so-called eligible list for the position of F-marine fireman (steam), department of fire (fire and passenger boat *W. S. Grattan*), containing the name of Joseph T. Gannon, and forthwith annul and rescind the promotional examination for said position and any list made in pursuance thereof; and directing the commissioner to refrain from making any promotion or appointment to the aforesaid position from the list containing the name of Joseph

T. Gannon, and forthwith cancel and discontinue the employ-
ment of any person, including Joseph T. Gannon, who might
have been promoted or appointed to said position from said
eligible list created as a result of said promotional examination.

On February 15, 1946, the petitioner was appointed to the
said position of F-marine fireman, as a war emergency employee,
and was continuously so employed until July 15, 1949. Joseph
T. Gannon received a temporary appointment to a similar posi-
tion of F-marine fireman in October, 1947, and continued as
such until July, 1949. The petitioner is a veteran of World
War II. Joseph T. Gannon is not a veteran.

On March 2, 1949, the commission approved the announcement
of the open, competitive examination. The notice was pub-
lished and stated that there were two vacancies in the said
position; that " in the physical examination over-weight to the
extent of 25 pounds or more will be cause for rejection." Then
followed standards to be observed in determining weight
requirements; " Subjects of examination and relative weights:
Technical examination: 80%; Training and experience: 20%."

On April 13, 1949, the commission approved an announcement
of a promotional examination, which applied to the same posi-
tion and stated that there were two vacancies. Among mini-
mum qualifications there was provided: " Applicants must
have been permanently and continuously employed in the
Department of Fire in the E Grade or higher, for at least one
year immediately preceding date of this examination, and must
have had two years of experience in the firing of boilers; also,
Temporary, substitute or war emergency employees are not
eligible for this examination; also, Subjects of examination
and relative weights; Technical examination: 90%; Seniority:
10%."

Joseph T. Gannon filed his application on May 4, 1949, for the
promotional examination. He had been working as a tem-
porary employee in said position for approximately two years.
He was the only person to apply for, take and pass said promo-
tional examination. He received a grade of 93.77%.

On May 14, 1949, the open, competitive examination and the
promotional examinations were held and the quesions in each
were identical. Twenty-four persons applied for the open,
competitive examination; twenty-two appeared for the exami-
nation and ten passed. The first three names to appear upon
the open, competitive list were: Maurice J. O'Connor, Jr., dis-
abled veteran, average 83.85%; John E. Robb, veteran, 92.62%;
John P. Gunning, the petitioner herein, veteran, average 88%.

On June 30, 1949, the commission promulgated the eligible lists for said position, and certified said lists on July 11, 1949, before fifteen days had elapsed within which an applicant may appeal to the commission from the rating allowed him. There is nothing disclosed in the moving papers as to anyone's questioning the ratings.

Section 6 of article V of the New York State Constitution entitled " Civil service appointments and promotions; veterans' preference " provides that appointments and promotions in the civil service throughout the State, including cities and villages, shall be made according to merit and fitness, to be ascertained as far as practicable by examination, which, as far as practicable shall be competitive, and in short provides for preference of a disabled honorably discharged veteran, regardless of his or her standing on the list, and further provides for a similar preference to honorably discharged veterans. However, such disabled members of the armed forces shall have been first preferred.

Section 15 of the Civil Service Law entitled: " Exceptions from competitive examination " provides in part as follows: " 1. Whenever there are urgent reasons for filling a vacancy in the competitive class and there is no list of persons eligible for appointment after competitive examination, the appointing officer may nominate a person to the state or municipal commission for non-competitive examination, and if such nominee shall be certified by such commission as qualified after such noncompetitive examination, he may be appointed provisionally to fill such vacancy until a selection and appointment can be made after competitive examination, but such provisional appointment shall not continue for a longer period than six months, nor beyond the period of twenty days after the promulgation of an appropriate eligible list. However, such provisional appointment may, with the approval of the state commission, be extended for a further period not exceeding three months, upon a finding by the state commission that it has been impracticable to establish an appropriate eligible list within six months after such provisional appointment. Successive provisional appointments shall not be made to the same position."

One of the arguments of counsel for the petitioner is that Gannon was not eligible for promotion because he could not be given credit for a provisional appointment since his term of provisional appointment exceeded the period allowed under the

above-quoted section. In support of his contention counsel quotes *Matter of Camfield* v. *Mealy* (288 N. Y. 149). In that case the court held the action of the civil service commission was illegal because the formulation of qualifications violated subdivision 1 of section 15 of the Civil Service Law. However, section 16 of the Civil Service Law provides: " * * * Promotion shall be based upon merit and competition and upon the superior qualifications of the person promoted as shown by his previous service, due weight being given to seniority. * * * No credit in a promotion examination shall be granted to any person for any time served as a provisional appointee in the position * * * *provided, however, such provisional appointee* * * * *shall receive credit in his permanent position from which promotion is sought for such time served in such provisional appointment.*" (Italics mine.)

The petitioner claims that the promotional examination was so framed as to apply only to Joseph T. Gannon and the promotional examination notice omitted the weight qualification which would have disqualified said Gannon. In my opinion the examination was properly posted.

Rule 20 of the Rules for the Classified Civil Service of the City of Buffalo provides: " 1. Vacancies in positions in the competitive class shall be filled, so far as practicable, by promotion from among persons holding positions in a lower grade in the department in which the vacancy exists. The Commission may, however, establish general promotional lists which shall not be certified to a department until after the promotional eligible list for that department has been exhausted. [For reasons to be set forth in its minutes, the Commission may open examinations to persons in two or more lower grades who shall have served for the required time in the lowest grade to which the examination is open.] "

With the exception of the bracketed words the wording of rule 20 is exactly the same as in section 16 of the Civil Service Law.

If there were any other persons eligible to try the examination they were in no way precluded from so doing. The fact that only one tried it is no proof that it was framed for that one person.

I find nothing in the law which would have prevented the civil service commission from holding a promotional and open examination at about the same time. This was purely a discretionary matter resting with the commission. In the case of

*Matter of Bridgman* v. *Cosse* (157 Misc. 8, affd. 246 App. Div. 632, affd. 271 N. Y. 535) where the civil service commissioners were called upon to hold an examination to determine the fitness of persons for the office of deputy fire chief of the fire department of the city of Mount Vernon, the city was served by two classes of firemen — paid firemen and unpaid firemen, and it was held that the court could not compel the civil service commissioners to limit the examination to members of the department of paid firemen. In other words, the action of the commissioners was discretionary, and in the absence of any illegality or arbitrary action the commission's determination could not be interfered with by the court. To some extent this case justifies the position of this court in the instant case.

In *People ex rel. Caridi* v. *Creelman* (150 App. Div. 746) the court in its opinion stated at page 749: " The court can neither conduct nor supervise civil service examinations. It has been held that the action of civil service commissioners in making classifications, and making and amending rules, is neither reviewable by certiorari nor in a taxpayer's action, and that the official acts of the commissioners are not judicial, in the technical sense, but are executive, ministerial or administrative. (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92; *Slavin* v. *McGuire*, 205 id. 84; *Matter of Simons* v. *McGuire*, 204 id. 253. See, also, *People ex rel. Republican & J. Co.* v. *Wiggins*, 199 N. Y. 382.) "

It has been held by the courts of this State, including the Court of Appeals, in a number of cases that a court should be reluctant to interfere with the determinations of the civil service commissions and any interference will only be justified if such bodies act in the performance of their duties in an erroneous, arbitrary, unreasonable and capricious manner or abuse the discretionary power vested in them by law. The question in the instant case is whether or not the respondents went without the bounds of this rule in their functioning. The conduct and supervision of examinations was exclusively in the hands of the respondents. As previously stated I can find nothing in the law which precluded the commission from holding a promotional examination and an open examination at about the same time. In fact if only an open examination had been held it might be questionable as to why a promotional examination should not have been held. Section 16 of the Civil Service Law and rule 20 of the Rules for the Classified Civil Service of the City of Buffalo mandate promotions from a lower grade if practicable.

Certainly it cannot be said that the action of the commission was arbitrary or unreasonable. Gannon was entitled to be considered for promotion. He had given satisfactory service in the position to which he aspired. He was in the grade next to the one for which the examination was held. Counsel for petitioner has stressed the fact that in an open examination Gannon would have been disqualified in not meeting the weight requirements. Under the Rules for the Classified Civil Service of the City of Buffalo, however, the commission had a discretion in fixing medical standards. In this promotional examination, the commission made these requirements: "Applicants must show indications of good health and freedom from disability defects. Successful candidates may be required to pass a physical examination before appointment."

Under these requirements the test was whether or not in the judgment of the commission Gannon showed indications of good health and freedom from disability defects. Apparently, the judgment of the commission was sound for the affidavits of the deputy fire commissioner states Gannon had not lost a day's work on account of sickness since September 3, 1944. Unquestionably Gannon was a regular and permanent employee. His credit on the examination was given for prior service in the " E " grade. This the civil service commission had a right to do.

It may have been unusual to have had two examinations and if the eligibility of Gannon was not so apparent, it could well be viewed with suspicion. However, upon all the facts of the case, and in the light of the decisions of the courts of this State, I cannot see how the action of the civil service commission of Buffalo can be deemed erroneous, arbitrary, unreasonable or capricious or where there was an abuse of discretionary power.

Counsel for petitioner has stressed the angle of veterans' preference, but that is beside the point. There has been no discrimination against the veteran petitioner. He was not eligible according to the qualifications promulgated by the commission for the promotional examination. If there had been no promotional examination he would have had a chance for an appointment. He may still have a chance for appointment in the future.

The petition is dismissed.