In the Matter of LAWRENCE J. BYRNE et al., on Behalf of Themselves and Others Similarly Situated, Petitioners, against JAMES S. WATSON et al., Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, December 14, 1951.

*Sheehan & Harold* for petitioners.

*Denis M. Hurley, Corporation Counsel (Francis I. Howley* and *Morris Himmelfarb* of counsel), for respondent.

CORCORAN, J. The respondents, the Municipal Civil Service Commission of the City of New York, recently announced that an open competitive examination would be held for the position of junior assessor in the tax department. The petitioners, who are clerks grade 2 in that department, apply for an order under article 78 of the Civil Practice Act to direct the respondents to hold a promotion examination instead of an open competitive one. The only persons who would qualify for a promotion examination would be the petitioners and other clerks in the department who are similarly situated.

The positions of junior assessor and clerk grade 2 both are in the competitive class of the classified service. The respondents, applying section 16 of the Civil Service Law to the facts, have decided that it would be impractical to hold a promotion examination and that the petitioners are not persons in a lower grade in the department in which the vacancy exists.

The parties agree on the essential facts. Those facts not only do not warrant interference by the court with the respondents' administrative acts, but lead the court to the conclusion that the respondents in making their decision correctly followed section 16 as construed by the Court of Appeals in *Matter of Murray* v. *McNamara* (303 N. Y. 140) and *Matter of Mendelson* v. *Finegan* (168 Misc. 102, affd. 253 App. Div. 709, affd. 278 N. Y. 568).

The titles of the two positions denote a difference in duties. It seems obvious that personnel with different qualifications were intended to perform the different duties called for by a position which is clerical and one which requires assessing work. The distinction is supported by the description of the duties set forth in the official notices of examination for the two positions. The clerk grade 2 duties were stated to be: " Under close supervision to; perform clerical work and office duties such as filing, preparing or checking records or reports invol-

ving entry or tabulation of figures, answering questions or giving information; operating mimeograph and other simple mechanical devices; perform related work." The duties of a junior assessor are: "Under supervision to; assist the assessor in real estate assessing; read Sanborn maps; make mathematical computations; obtain information regarding real estate values; make simple title searches; read plans; do incidental clerical work; interview the public; perform related work." The duties of the two positions are not at all similar.

It is true that the petitioners and many other clerks in the tax department have been working out-of-title and that many of them have been performing the duties of junior assessors. That fact, however, does not make them persons in a lower grade in that service so as to entitle them to a promotion examination. If working out-of-title could produce such an effect, it would be a detriment to the career service. Paragraph 3 of section X of rule V, of the Rules of the Municipal Civil Service Commission of the City of New York effectively and logically provides, in part, that: "Duties which have been performed not in accordance with the title, or alleged personal qualifications, shall not be considered in determining eligibility."

Whatever work the petitioners may have performed, they were clerks. If they want to become assessors, they must qualify through an open competitive examination for that service. They cannot become junior assessors through a promotion examination any more than clerks by that method could become law assistants (*Mendelson* case, *supra*), or any more than laborers by that method could become rammers (*Murray* case, *supra*). Both the *Mendelson* and *Murray* cases justify the respondents' decision.

In 1937, the municipal civil service commission set up the tax assessing service and established the position of junior assessor. In order to take care of the employees in the clerical service who had been doing assessing work, it reclassified clerks grade 4 to that position and gave a promotion examination for the clerks under that grade. In 1947, the commission gave another promotion examination for the position of junior assessor because the department wanted to take care of some of the clerks who had been doing assessing work and who had been in the service. The reasons for the prior two promotion examinations seem to be based upon generous consideration for clerks in special circumstances. Whether those reasons justified the commission's decisions in 1937 and in 1947, is not now before this court. For the present proceeding, it is suffici-

ent to observe that the respondents have properly ordered an examination for the lowest grade in the assessing service which is open to the public.

The petitioners entered the clerical service with full knowledge or sufficient public information to obtain full knowledge that a promotion to junior assessor was not available to them through an examination limited to them. In the public notice for the examination held in 1947, there was a note below the heading of the notice, which read as follows: '' Note — This examination is being held solely for the purpose of completing the process of reclassification begun several years ago. Hereafter, this position will be filled through open, competitive examination only. '' In the public notice for the examination for the position taken by the petitioners, which was published after the one for the junior assessors, the applicants were notified that they would be eligible for promotion to clerk grade 3. They were never advised that the office of junior assessor was open to them through a promotion examination.

The fact that the petitioners received extra credit for performing the duties of junior assessor is not more forceful than the Civil Service law which obliges the respondents to hold an open competitive examination for the position of junior assessor.

The motion is denied.