Joseph A. Gavagan,
J. In this article 78 proceeding (Civ. Prac. Act) in the nature of a mandamus, the petitioners seek *342 an order compelling respondents to hold only a promotion examination and restrain respondents from holding an open competitive examination for the position of college office assistant B.
Under subdivision 2 of section 6202-a of the Education Law:
“Vacancies * * # shall be filled, as far as practicable, by promotion from among persons holding positions in the lower grades
Petitioners urge that it is practicable to hold promotion examinations every two years and that sufficient persons will qualify and pass the examination to meet the need of present or anticipated vacancies. Petitioners further state that promotion examinations have been held every two years and no substantial grounds for the change in custom and a change from a lawful to an illegal manner of filling civil service vacancies are shown.
In Matter of Simons v. McGuire (204 N. Y. 253, 257) the court held that: “ The determination of a civil service commission in classifying positions in the public service, although involving the exercise of judgment and discretion, is more of a legislative or executive character than judicial or quasi judicial”.
As such it is reviewable by the courts only when corrupt, arbitrary or erroneous in law (Matter of Kinnerney v. Municipal Civ. Serv. Comm. of City of Hornell, 262 App. Div. 39, affd. 287 N. Y. 599). In Matter of Martin v. Conway (199 Misc. 451, 453) the court held that: 1 ‘ The determination as to when it is practicable to fill vacancies in the service by promotion through an examination restricted to persons holding positions in a lower grade in the department in which the vacancy exists instead of by competitive examination with eligibility open to all persons has been confided by the Legislature to the Civil Service Commission which acts in a legislative and not a judicial capacity and in the absence of a clear showing that its determination was corrupt, arbitrary or illegal, the court will not interfere with the judgment and discretion which it has exercised” (cases cited).
In Matter of Gunning v. Altman (198 Misc. 123, 127) the court held: “ I find nothing in the law which would have prevented the civil service commission from holding a promotional and open examination at about the same time. This was purely a discretionary matter resting with the commission” (cases cited).
As heretofore stated, subdivision 2 of section 6202-a of the Education Law mandates promotions from a lower grade if practicable.
*343 The above-cited cases show that the action of respondents is not illegal. Certainly it cannot be said to be arbitrary or unreasonable.
Those persons in the lower grade who are eligible for promotion and who pass the examination will have priority of appointment over those qualifying in the open competitive examination and no person on the open competitive list will be appointed until the promotion list has expired or is exhausted. Those persons in the lower grade and not eligible for promotion but who may have the necessary qualifications to participate in the open competitive examination will have an opportunity not otherwise afforded at this time.
Hence neither those eligibles for promotion nor those lacking the necessary tenure will be prejudiced by the respondents’ determination.
As stated in Matter of Wirzberger v. Watson (305 N. Y. 507, 513) “ The decisional law on the problem is that the commission’s fixing of the miuimum requirements for admission to an examination is not to be interfered with by the courts if any fair argument can be made to sustain its action * * * even though they may differ from the commission as to its advisability ” (cases cited). As further stated (p. 514): “ Thus the arguments by the petitioners against the commission’s decision prove only that the subject matter of the controversy involves disputed questions of fact and differences of opinion upon which the determination of the administrative agency is final.”
There is substantial in the record to sustain the action of the respondents. Petitioners have failed to sustain their burden of showing that respondents’ determination is illegal, unreasonable, arbitrary or capricious. Accordingly, the application is denied and the petition is dismissed.