In the Matter of SEYMOUR FRIEND, Respondent, against LEWIS J. VALENTINE, as Commissioner of the Department of Police of the City of New York, et al., Appellants.

Argued March 4, 1941; decided April 24, 1941.

*William C. Chanler,* Corporation Counsel (*Paxton Blair* and *David DuVivier* of counsel), for appellants.

*Samuel A. Spiegel* and *William L. Brody* for respondent.

Order affirmed, without costs; no opinion.

Concur: LEHMAN, Ch. J., LOUGHRAN, RIPPEY and DESMOND, JJ. FINCH, J., dissents in the following opinion in which LEWIS and CONWAY, JJ., concur:

FINCH, J. (dissenting). It is submitted that upon the facts disclosed in this case it was not an abuse of discretion for the Municipal Civil Service Commission to approve the employment of eligibles from the list of patrolman, P. D. to existing positions of telephone operator (police) in the Police Department upon the recommendation of the Police Commissioner of the City of New York.

The dispute arose in this manner. Prior to 1939, policemen of the rank of sergeant were used as telephone operators. In the interest of economy it was determined that this duty could be performed by civilians at lower wages. Pursuant to that determination thirty-eight appointments were made from an existing list certified by the Municipal Civil Service Commission after an open competitive examination for the position of telephone operator (male) grade 1. These appointments exhausted that list. Thereupon the Police Commissioner made a number of provisional appointments to the positions from the patrolman, P. D. list. Several

of these provisional appointments have been rescinded because these persons have been reached in regular order for certification and appointment to serve a probationary period as patrolmen. At the time this proceeding was initiated, eighty-seven of the appointees from the patrolman, P. D. list remained temporarily employed as telephone operators in the Police Department.

In the meantime a new list for the position of telephone operator (male) was promulgated after an open competitive examination, the notice of which stated: "Vacancies: 40 anticipated in the Police Department." This new list was certified by the Municipal Civil Service Commission to the Commissioner of Police for appointments to the position of telephone operator in the Police Department. The Police Commissioner refused to make permanent appointments from the new list and instead referred the matter to the Budget Director with the explanation that for administrative reasons he preferred to make appointments from the patrolman list. Thereafter the Budget Director changed the title of the position from telephone operator (male) to telephone operator (police) and the Municipal Civil Service Commission has acquiesced in the retention as telephone operators of persons appointed from the patrolman, P. D. list by certifying the payrolls.

Petitioner as one of the eligibles on the new list of telephone operator (male) grade 1 has brought this proceeding to restrain respondents from employing or continuing to employ in the Police Department any persons appointed to that position from the patrolman list or any other list, except from the telephone operator (male) list, and to require respondent to make such appointments only from that list. Special Term denied the petition but the Appellate Division reversed and granted the relief requested.

It is well settled that this court will not ordinarily interfere with the determination of the Municipal Civil Service Commission as to whether a specific eligible list is appropriate for the filling of a position. It is only where the Commission's determination is whimsical, capricious, arbi-

trary or made in bad faith that its determination will be denied finality. (*Matter of Forman* v. *Kern*, 101 N. Y. L. J. 2390; affd., 257 App. Div. 946; affd., 282 N. Y. 583; *Matter of Ward* v. *Kern*, 103 N. Y. L. J. 626; affd., 259 App. Div. 717; affd., 284 N. Y. 698.)

Upon the facts of this case, it cannot be said that the determination of the Commission was either arbitrary or made in bad faith. The opinion of Special Term states, " There is no evidence to suggest that either the police commissioner or the commission acted otherwise than in good faith and in the exercise of their best judgment." The facts as set forth in the affidavit of the Police Commissioner sustain the validity of the reasons for the request that appointments be made from the patrolman list. Thus the Commissioner states it is necessary in the operation of a telephone in the Police Department that the operator have a knowledge of the numerous rules and regulations of the department in order properly to discharge his duties. The acquisition of proficiency in knowledge of police work is, according to the Police Commissioner, immensely more difficult than that of operating a telephone switchboard. Then, too, the members of the patrolman's list had shown their interest in and their capacity to master the intricacies of police knowledge by virtue of having passed their patrolman examinations. Training in such work was already theirs. It was also found through the experience gained in having employed civilian operators that discipline and morale existed in greater degree among men aspiring to be patrolmen. In addition, the employment of the would-be patrolmen in telephone police service offers an unusual opportunity for the training of such men. In the light of these facts, it cannot be maintained that it was unreasonable for the Commission to determine that the position of telephone operator in the Police Department could better be filled by eligibles from the patrolman's list than from the telephone operator's list.

Respondent contends that the use of an existing list having a title identical with that of the position to be filled

is mandatory. The court is not concluded, however, by the mere title, but in arriving at its decision, can look to ascertain what essential duties are required to be performed under the title. The positions to be filled differ in the concept of the duties to be performed. Thus the Commissioner of Police has determined after having had experience with civilian and patrolman employees, that the job of telephone operator in the Police Department requires a greater emphasis upon a knowledge of police work than upon a knowledge of switchboard operation. Although the mechanical tasks to be performed are the same, the knowledge necessary for the performance of those tasks in the Police Department differs sharply from the knowledge necessary for switchboard operation in the ordinary city department. For this reason the change in the designation of the position in question from telephone operator (male) to telephone operator (police) was not an indication of " bad faith " as alleged by the petitioner.

It is contended that because the Municipal Civil Service Commission at one time certified the telephone operator (male) list and appointments therefrom were made to the Police Department that the Commission may not now change its mind. An administrative body is not precluded from further action where good reasons and proper motive dictate such action. (*People ex rel. Finnegan* v. *McBride*, 226 N. Y. 252, 259.) The good reasons in the case at bar consisted of the determination by the Police Commissioner that the qualification for switchboard operators in the Police Department were better tested by an examination in police work than in switchboard operation.

By participating in and passing an examination, the applicant does not acquire a vested right to the position for which the examination was advertised. Thus the administrative head of the department may choose any one of the three top ranking candidates at his discretion. (*People ex rel. Balcom* v. *Mosher*, 163 N. Y. 32.) It is only where the duties to be performed are the same as those for which the list was certified that the members of the list are entitled by law to constitute those eligible for appointment.

(*Spencer* v. *Ryan*, 237 App. Div. 50; affd., 262 N. Y. 600: *Matter of Mendelson* v. *Finegan*, 253 App. Div. 709; affd., 278 N. Y. 568.) Whereas in the case at bar the mechanical duties to be performed under the new title are the same, namely, switchboard operation, as pointed out by the Commissioner telephone operation in precinct station houses constitutes an entirely different mental duty than does telephone operation in an ordinary traffic precinct. Since it has been determined by the Civil Service Commission upon the recommendation of the Police Commissioner that the test for patrolman produces " the eligible list most nearly appropriate for the group in which the position to be filled is classified " (Civil Service Law § 14 [Cons. Laws, ch. 7]), we cannot say as a matter of law upon the facts of this case that such determination is arbitrary or made in bad faith. We should not, therefore, set aside the determination of the Municipal Civil Service Commission. (*Matter of Forman* v. *Kern, supra,* and *Matter of Ward* v. *Kern, supra.*)

It follows that the order of the Appellate Division should be reversed and the order of the Special Term reinstated and affirmed.