In the Matter of SEYMOUR FRIEND, Respondent, against LEWIS J. VALENTINE, as Commissioner of the Department of Police of the City of New York, et al., Appellants.

Argued January 22, 1942; decided March 5, 1942.

*William C. Chanler, Corporation Counsel (David Du Vivier and Paxton Blair of counsel), for appellants.* The Appellate Division was without power to compel the police commissioner to oust the sergeants from the switchboards and to force appointments from petitioner's list to perform the duties now being performed by the sergeants. (*Matter of Turel* v. *Delaney,* 287 N. Y. 15; *Matter of Jaffe* v. *Board of Education,* 240 App. Div. 402; 265 N. Y. 160.)

*Samuel A. Spiegel* for respondent.

*Per Curiam.* On the former appeal in this case (see 285 N. Y. 764 and 853) we held that the Police Commissioner could not appoint to the positions of telephone operator in the police department, persons from the civil service eligible list for patrolmen, nor could the Commissioner continue in those telephone operator positions, persons whom he had theretofore appointed to those positions from the patrolman list. We stated specifically, however (285 N. Y. 853) that the Commissioner was not required to fill the vacancies in the position of telephone operator. (See *Matter of Turel* v. *Delaney,* 287 N. Y. 15.) It follows that the Commissioner may, in his discretion as an administrator and without interference from any court, cause the switchboards in the police department to be operated by persons already employed in the police department, so long as he does not make any new

appointments to the particular position of telephone operator. The order of the Appellate Division, as now resettled, has the effect of forbidding the physical operation of the switchboards by any persons not appointed from the civil service telephone operator list on which appear the names of petitioners-respondents. Such a holding is in conflict with our decision on the former appeal to this court in this case, is erroneous as matter of law, and must be reversed.

The order of resettlement should be reversed, without costs. (See 287 N. Y. 835.)

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Order reversed.