THE SCHENECTADY TRUST COMPANY, as Trustee under Agreement Made by GEORGE E. EMMONS, Dated June 20, 1927, and Amendments Thereto, Respondent, *v.* NATHANIEL D. EMMONS, Also Known as DANIEL WESTBROOK, Appellant, THE SECURITY FIRST NATIONAL BANK OF LOS ANGELES AT PASADENA, CALIFORNIA, as Executor, etc., of GEORGE E. EMMONS, Deceased, and Others, Respondents, and FLORENCE C. SEWARD and Others, Defendants Not Appearing.

LEARY & FULLERTON, Personally and as Attorneys for NATHANIEL D. EMMONS, Appellants.

Third Department, March 18, 1942.

*Leary & Fullerton* [*James A. Leary* of counsel], for the appellants.

*Strong & Golden* [*Ellis J. Staley* of counsel], for the plaintiff, respondent.

*Edmund B. Bellinger*, guardian *ad litem*, for the infant-respondents Mary Helen Emmons and Elizabeth Bentley Emmons.

BLISS, J. Leary and Fullerton, attorneys at law, appeal personally and as attorneys for Nathaniel D. Emmons, from that part of a final judgment which awarded to Leary and Fullerton only an allowance of $100, and which failed to make an allowance to Nathaniel D. Emmons and/or Leary and Fullerton, of at least $2,000, plus $1,058.40 disbursements payable out of the trust estate.

This was an action in equity for the settlement of the accounts of a trustee under a trust agreement and involved the judicial construction of such agreement. (See *Schenectady Trust Co.* v. *Emmons*, 261 App. Div. 154; affd., 286 N. Y. 626.) Appellant Nathaniel D. Emmons claimed an interest in the trust and was allowed to intervene in the action although it was finally adjudicated that he had no interest in the trust fund. Upon the final settlement, costs in the nature of allowances were made to all parties payable to their attorneys, except the appellant Emmons who, along with his attorneys, now appeals from the refusal of the Special Term to make any allowances to him. This being an action in equity, the allowance of costs was in the discretion of the court; in fact, on the previous appeal to this court from the interlocutory judgment (261 App. Div. 154) costs were allowed to all parties filing briefs, including the appellant, and made payable out of the trust estate. It cannot be denied that appellant pleaded earnestly for what he believed to be the proper construction of the trust agreement. Through his attorneys he filed extensive briefs and, at least in this court, made an able argument and was of genuine assistance to the court in determining the questions involved. These questions were intricate and required considerable research and study. Also, as long as appellant's claim to an interest in the trust was not determined there could be no certainty as to the rights of the other parties therein, so that, while appellant was not a necessary party to the action, he was in every sense a proper one and it was to the advantage of all concerned that he be a party and that there be a judicial determination of his rights. Only in this way could it safely be said with finality that his claim to a share of the trust estate was not well founded. Nor was his claim baseless on its face. Under all these circumstances the Special Term had ample power in the exercise of its sound discretion

to make an allowance to appellant. (*Provost* v. *Provost*, 70 N. Y. 141; *Herrington* v. *Robertson*, 71 id. 280; *Barnes* v. *Midland Railroad Terminal Co.*, 218 id. 91.) It was not necessary that the appellant succeed in the action at the Special Term before that court could exercise this discretion. "This does not mean the party who is technically successful; that is, who obtains a decree in his favor upon the question contested. It means the party whose behavior in the circumstances provoking the litigation, whose situation in relation to the estate, or the particular subject in controversy is such, as that it is equitable and just, that he be remunerated for his expenses in the litigation." (*Noyes* v. *Children's Aid Society*, 70 N. Y. 481.) Furthermore, section 1513 of the Civil Practice Act authorizes an additional allowance " to any party." (*Kaplan* v. *Koenig*, 225 App. Div. 675; affd., 250 N. Y. 624.) This statute has a counterpart in section 278 of the Surrogate's Court Act, which authorizes that court to allow to " any party " such sum as the court may deem reasonable, and it is the accepted practice in a construction proceeding to make an allowance to any party who has been of assistance to the court, whether successful or not. Consequently the Special Term was in the first instance clothed with ample authority to exercise its discretion in favor of the appellant Nathaniel D. Emmons by an award of an allowance to compensate him in some measure for the expenses to which he had been put in this litigation and from which the trust estate and all of the parties interested therein have received some benefit. Likewise, if the appellant Nathaniel D. Emmons was now a party to the present proceeding and the question properly before us, there would be no question of the power of this court to correct this injustice and to make such an allowance.

We feel, however, that we cannot reach this question as the record now stands. The interlocutory judgment decreed that the appellant Nathaniel D. Emmons had no interest in the trust estate or in this action and no standing to object to any provisions of the trust agreement. It directed the trustee to account and that all parties to the action, except the appellant, should have notice of the accounting. It awarded the plaintiff taxable costs against appellant while reserving the question of all other costs and allowances for the final judgment. This interlocutory judgment was affirmed by our court (261 App. Div. 154) and our decision was in turn affirmed by the Court of Appeals (286 N. Y. 626). Although in our court the question of costs in the court below was not raised and we allowed costs to all parties filing briefs, payable out of the trust estate, including the present appellant, the decision of the Court of Appeals granted costs against the appellant. The judg-

ment entered in the Schenectady county clerk's office on the remittitur directed the recovery of costs by the plaintiff-trustee against the appellant, but it was later amended by stipulation so as to direct that these costs be paid out of the trust fund. Appellant has now moved at the Special Term for an order granting him an extra allowance. A motion for final settlement of the trustee's accounts was also pending and appellant was not a party to that motion. Upon its decision preparatory to the rendering of the final judgment, the Special Term directed that the bill of costs taxed against appellant should be paid out of the general fund. The final judgment denied the application of the appellant for an additional allowance. It thus appears that the so-called interlocutory judgment was a final disposition of the rights of the appellant, that his claim was dismissed, with costs against him, and that there was no reservation therein by the court of the right to later pass upon any application by him for an allowance, although there was such a reservation as to all other parties. We cannot see how his application for an additional allowance could reopen or otherwise affect the provisions of the interlocutory judgment which finally disposed of his claim in toto and awarded costs against him. There was no reservation as to any application which he might thereafter make so that the question is not now before us, or at least it is not before us in a manner which would enable us to amend the final provisions of the interlocutory judgment. As we understand it the final judgment does not purport to alter or in any way affect the original terms of the interlocutory judgment in so far as the award of costs against this appellant is concerned. Consequently, the appeal of the appellant Nathaniel D. Emmons from the final judgment should be dismissed, without costs. Also the appeal of Leary and Fullerton, personally, must be dismissed as they are not parties to the action, even though they were attorneys for appellant.

The appeal of Leary and Fullerton, personally, is not strengthened by the fact that they were permitted to appear belatedly in the action as attorneys for the Eastern New York Orthopædic Hospital School. The Special Term directed that $100 be paid to them out of the share of their client, and we are not disposed to disturb this allowance.

HILL, P. J., and HEFFERNAN, J., concur; SCHENCK and FOSTER, JJ., concur in the result.

Appeals of Nathaniel D. Emmons and Leary and Fullerton, personally, dismissed, without costs.