SCHENECTADY TRUST COMPANY, as Trustee, Appellant, *v.* NATHANIEL D. EMMONS et al., Respondents, and ELIZABETH B. EMMONS et al., Infants, Defendants-Appellants, et al., Defendants.

Argued February 24, 1943; decided April 15, 1943.

*Ellis J. Staley, Jr.,* and *Ellis J. Staley* for plaintiff, appellant.

*Edmund B. Bellinger,* Guardian *ad Litem* for Elizabeth B. Emmons et al., infants, appellants.

*Walter A. Fullerton* for respondent.

LEWIS, J. We sustain the appellant's challenge to the power of the Appellate Division to amend a final judgment by granting to counsel an extra allowance and certain disbursements payable out of a trust fund.

The action is in equity for an accounting by a trustee. Prior to the trial Nathaniel D. Emmons, a grandson of the settlor but not a beneficiary of the trust — to whom reference will be made as the grandson — was permitted to intervene and, when made a party defendant, raised the issue of the validity of the trust. The judgment entered at Special Term, which sustained the trust, was in character interlocutory except for the following provisions: " * * * and it is further * * * ORDERED, ADJUDGED AND DECREED, that the defendant Nathaniel D. Emmons * * * has no interest in the trust estate herein or in this action and no standing to object to any of the provisions of the said trust indentures or to any of the amendments or modifications thereof; and it is further * * *

" ORDERED, ADJUDGED AND DECREED, that the plaintiff is awarded taxable costs against the defendant, Nathaniel D. Emmons, * * * and all other costs and allowances to the plaintiff, defendants and guardian ad litem shall be reserved for the final judgment settling the plaintiff's account of proceedings."

On appeal by the grandson, the so-called interlocutory judgment entered at Special Term was affirmed by the Appellate Division and by this court. (261 App. Div. 154, affd. 286 N. Y. 626.) Thereafter a final judgment was entered which made specific directions as to the settlement of the trustee's account, fixed the allowances to counsel and directed the discharge of the trustee under certain conditions. The final judgment also denied the grandson's motion for an allowance and further "ORDERED, ADJUDGED AND DECREED, that any party to this action, *except the Defendant, Nathaniel D. Emmons*, may, upon notice to the other interested parties, apply hereafter to this Court for such other and further relief as from time to time may be necessary and which may in all respects be

consistent with the provisions of this final judgment and that the Court retain jurisdiction of this action for such purpose." (Emphasis supplied.)

The grandson appealed to the Appellate Division from so much of the final judgment as denied his application for an allowance " * * * of at least $2000 plus $1058.40 disbursements payable out of the estate." The Appellate Division, upon its dismissal of the grandson's appeal, stated in its opinion that " the so-called interlocutory judgment was a final disposition of the rights of the appellant [the grandson], that his claim was dismissed, with costs against him, and that there was no reservation therein by the court of the right to later pass upon any application by him for an allowance, although there was such a reservation as to all other parties." (263 App. Div. 542, 545.)

Then followed the application which has ultimately brought about the present appeal. The grandson moved at Special Term for an order amending both the interlocutory and final judgments " * * * so as to permit Nathaniel D. Emmons to apply for an extra allowance herein and if said motion is granted, for the Court immediately to proceed and fix the amount of Nathaniel D. Emmons' extra allowance * * *." The motion was denied at Special Term. Upon appeal by the grandson to the Appellate Division the order of Special Term was reversed, two justices dissenting, and thereupon the order was entered which is now before us on appeal by the trustee as of right. The order directs " * * * that the order denying the motion to amend the interlocutory judgment and final judgment be reversed on the law and facts with twenty-five dollars costs, and the motion is granted with ten dollars costs. The final judgment and the interlocutory judgment are each amended so as to allow to Leary & Fullerton, attorneys for Nathaniel D. Emmons, an extra allowance of $2,000.00 and disbursements of $1,159.16, payable out of the trust fund."

We agree with the statement made by the Appellate Division, when the present appellant first brought this matter before that court, that — " * * * the so-called interlocutory judgment was a final disposition of the rights of the appellant, * * * there was no reservation therein by the court [Special Term] of the right to later pass upon any application by him for an allowance * * *." (263 App. Div. 542, 545.) We do not think

however that either the circumstances to which the statement refers or the rules of law which authorize the amendment of a judgment, warrant the affirmance of the order now before us.

The amendment ordered by the Appellate Division was not made to correct a mere clerical error in the judgment affected or to supply an omission therefrom of relief to which the appellant was entitled as a matter of course. (*Herpe* v. *Herpe,* 225 N. Y. 323, 327.) The amendment involved a matter of substance which affected a trust fund in which each of the parties to this action has claimed, and some have been awarded, a substantial interest. "A provision withholding or awarding costs is a substantive part of a judgment in an action in equity and cannot be amended." (*Herpe* v. *Herpe, supra,* p. 328.)

More than that, the Appellate Division was without power to modify in matter of substance the judgment which, as to the appellant Emmons, was final and was entered upon the remittitur of this court. (*Matter of Friend* v. *Valentine,* 287 N. Y. 526.)

The order of the Appellate Division should be reversed and the judgment of Special Term affirmed with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.