Owen McGivern, J.
This is a proceeding under article 79 of the Civil Practice Act brought by the income beneficiaries of two inter vivos trusts against the Bankers Trust Company, trustee, for an order directing the trustee to allocate and pay over to the petitioners certain stock dividends received by the trustee, and for other relief.
The trust, having been established in 1921, prior to the enactment in 1926 of section 17-a of the Personal Property Law, that statute is inapplicable to the instant problem. (Equitable Trust Co. of N. Y. v. Prentice, 250 N. Y. 1, 13.) True, there is a plethora of cases discussing similar trust problems which are not governed by section 17-a, but the decisions relating to the question before this court as handed down by Special Term and as found in the reports in the Surrogate’s Courts are in unresolved conflict. Reliance, therefore, must be placed largely on the views of the appellate courts.
In the present proceeding three stock issues are involved and adjudication of these issues will be facilitated by a separate discussion of each:

American Gas & Electric Co.

Petitioners each claim 61.862 of the 100 shares of American Gas & Electric Co. common stock received by each trust in 1956. This stock was issued upon conversion of each share of $5 par value stock into one and a half shares of $10 par value stock. In order to provide the necessary additional capital; the corporation transferred funds from its capital surplus account and its earned surplus account. Petitioners claim that portion of the stock which represents the capitalization of earned surplus. Assuming that there has been no impairment of the “ intact value ” of the trusts’ investment in the stock, under the doctrine of Matter of Osborne (209 N. Y. 450 [1913]), petitioners’ position is correct. (Matter of Payne, 4 A D 2d 937 [1st Dept., 1957].) The undisputed facts set forth in the petition and the exhibits thereto annexed show that there has been no impairment of such intact value.
The guardian ad litem contends that petitioners are entitled only to that proportion of the stock which represents capitalization of earnings received by the corporation since the trusts bought the stock. This is not in accordance with Matter of Osborne and the cases which follow it. The theory of those cases is that the value of the investment of the trust in the stock is *497 preserved by determining that there is no impairment of the “ intact value ” computed in accordance with Matter of Osborne (supra) and any surplus beyond such value, attributable to capitalized earnings, is distributable to the income beneficiary, regardless of when those earnings accrued. The guardian’s contention that the formula of Matter of Osborne (supra) applies only to cases where the stock in question was in the trust at the time of its creation and not to cases where funds of the trust are invested in the stock, finds no support in the cases.
Eespondent trustee is in accord with petitioners’ position on this security.
Accordingly, petitioners’ prayer for the allocation to each of them of 61.862 shares of American Gas & Electric Co. common stock is granted.

General Foods Corporation.

Petitioner Malcolm E. Wren requests the allocation to him of the entire 100 shares of General Foods Corporation common stock received by the trust as a 100% stock dividend or 2 for 1 stock split in 1956.. In 1951 that corporation had transferred $50,000,000 from earned surplus to its capital stock account. In 1956, at the time of the declaration of the stock dividend, a further sum of $20,587,210 was similarly transferred from earned surplus to capital stock.
The guardian ad litem and the respondent trustee contend that only that portion of the 1956 distribution attributable to earned surplus concurrently transferred to capital represents a stock dividend to which petitioner Wren is entitled. Said petitioner contends that both the 1951 transfer and the 1956 transfer must be considered.
This question has not been passed upon by the Court of Appeals, but the position of the guardian and the trustee is sustained by Matter of Strong (277 App. Div. 1157 [4th Dept., 1950], affg. 198 Misc. 7). Accordingly, petitioner Wren will be granted 29.05 shares of General Foods Corporation common stock.

Standard Oil Company of New Jersey.

In the petition, each petitioner requested the allocation of 12.13152 shares of the common stock of Standard Oil Company of New Jersey. Neither the guardian nor the trustee opposed this prayer for relief.
In their supplemental memorandum of law in response to the guardian’s report, petitioners ask that they each be granted *498 167.8 SharéS of such stock itt iiéii of the áffiOUñt réqUfestéd iii the petition. It is doubtful Whether such additional relief bottles under the head of “ other and further relief ”5 or that it could be granted Without amendment of the petition, However, it seems blear that, apart from procedural problems, the additional relief requested must be denied on the merits.
in their claim for additional shares, petitioners seek to have it determined that they were entitled to a portion of a 1951 stock distribution-. SüCh a determination would be inconsistent With the order of this court dated June 27, 1956 settling the trustee’s abcotmts as of Wbruary I, Í9SS, and is not permitted under the doctrine of res judicata (Matter of Strong, supra).
Furthermore, petitioners now claim that they are entitled not only to that portion of the 1986 distribution which represents capitalization of earned surplus, but also the portion attributable to a transfer from capital surplus to capital. This claim cannot be sustained. (Matter of Payne, 4 A D 2d 937, supra; Matter of Lissberger, 273 App. Div. 881 [1st Dept., 1948], affg. 189 Misc. 277, motion for leave to appeal denied 298 N. Y. 934.)
Accordingly, petitioners Will be awarded only tbe amount of Standard Oil Company of New Jérséy stock requested in the petition.

The Effect of Subsequent Sales.

Subsequent to the receipt of the stock distributions above described, the trustee Sold 20Ú Shares Of Standard Oil Company of New Jersey common stock, 50Ó rights of said company and 50 shares of General Foods Corporation 'common stock, in its answer and cross petition the trustee states that such stock and rights so sold constituted a portion of the assets sought to be
allocated to the petitioners, and requests instructions as t5 the allocation between principal and income of the proceeds of such Sales and the capital gains taxes resulting therefrom.
Upon receipt of the various stock distributions, the trustee held the portions thereof allocated to the income beneficiaries solely as agent for such beneficiaries. Technically, it had no right to sell such portions. Since there is a presumption Of innocence, it will be presumed that it did hot sell Stock belonging to the beneficiaries, but that it sold only stock belonging to the trusts. It still has on hand, so far as appears from the pleadings héréiñ, stock of each ísstté Sufficient to satisfy petitioners’ claims to the extent allowed herein. Thus, except as to the Standard Oil rights, the interesting problems raised by the cross petition need not be' adjudicated.
*499 As regards the rights, each petitioner must be deemed to have been the owner of 12.13152 rights. The trustee sold 500 rights for $62.44. Petitioners’ respective shares of such sum would amount to about $1.45 each, and the final order may direct payment of such sum to each of them. The capital gains tax on the sale of such rights is too small to require the attention of the court.

Allowances.

Petitioners seek an allowance, payable out of the corpus of the trust fund, for their counsel herein, but oppose any allowance to the attorneys for the respondent trustee herein on the ground that the law is “ perfectly clear as to the stock dividends sought.” The law is far from clear on this question. A generation ago it was said: “No more perplexing problem comes before us than the proper apportionment between capital and income of extraordinary dividends where the trust estate contains corporate stock and its creater has not expressed Ms wishes ” (Bourne v. Bourne, 240 N. Y. 172, 175 [1925]).
Cases since this decision have not made the problem less perplexing. This is well illustrated by the fact that petitioners themselves originally each claimed 12.13152 shares of Standard Oil stock and then decided they were each entitled to 167.8 shares thereof.
In the absence of misconduct, fiduciaries are entitled to an allowance for counsel fees necessarily spent in connection with the administration of the trust. In view of the state of the law on the allocation of stock dividends, the trustee cannot be deemed guilty of misconduct in not complying with petitioners’ demands and its defense of this proceeding cannot be deemed unnecessary. Accordingly, the final order to be settled herein will provide for an allowance to the attorneys for the trustee herein payable out of corpus.
A more difficult problem is presented by the request for an allowance to petitioners’ attorneys. Section 1514-a of the Civil Practice Act (added by L. 1957, eh. 89) authorized allowances to all attorneys in a proceeding involving the construction of an inter vivos trust instrument. The instant proceeding does not involve the construction of a trust instrument; the instrument herein is silent as to apportionment of stock dividends. However, apart from statute, the court has power in its discretion to make an allowance to attorneys for nonfiduciary parties who have been helpful to the court in the solution of problems essential to the proper admimstration of the trust, (Schenectady Trust Co. v. Emmons, 263 App. Div. 542, 543-544 *500 [3d Dept., 1942].) Such power “ should, however, be ¿zeroised sparingly,” (Matter of Heller, 10 Misc 2d 363, 366). A modest allowance will be made to the attorneys for the petitioners herein.
There is no basis for petitioners’ request that the allowance to the guardian ad litem and to petitioners’ attorneys be charged against respondent personally.
In fixing the allowances to be awarded herein, the court should be advised of the market value (a) of the shares claimed by petitioners herein and (b) of the shares allocated to them by this decision.
Affidavits of services should be submitted by the guardian ad litem, the attorneys for petitioners and the attorneys for the trustee with the final order to be settled in accordance with the foregoing.