■   In the Matter of the Accounting of FAIRFIELD OSBORN et al., as Trustees of Trust Made by WILLIAM C. OSBORN et al., Settlors. A. PERRY OSBORN, JR., Appellant; FAIRFIELD OSBORN et al., Respondents.— Order entered December 12, 1961, judicially settling account of proceedings of trustees herein, unanimously modified on the law and the facts and in the exercise of. discretion to strike the sixth decretal paragraph and in lieu thereof to grant the application of counsel for the respondent-appellant A. Perry Osborn, Jr., for an allowance and to direct payment to such counsel of the sum of $10,000 as and for an allowance for services in this proceeding, plus disbursements of $252.14, to be paid from funds as hereinafter directed with respect to the allowances to the Referee and to counsel for other respondents; to modify the seventh decretal paragraph to reduce to $10,000 each the allowances to counsel for respondents Fairfield G. Coogan and Gordon G. Coogan and to counsel for respondent Josephine O. Coogan; to modify said seventh decretal paragraph to provide that the allowances to the Referee and the attorneys for respondents shall be charged one third thereof to the seven-tenths share of defendant A. Perry Osborn, Jr., in and to principal of the 19.135% share, and the remaining two thirds thereof, together with the total of disbursements allowed, be charged to the principal of the entire trust estate as an administration expense to be paid prior to division of the same into the respective shares as directed in said order, entered December 12, 1961; and said order otherwise unanimously affirmed, with costs to all parties filing briefs payable out of the principal of the entire trust estate. On the merits, we agree that, in accordance with the directions of the will of Virginia S. McKay, the payment of the estate taxes, assessed in connection with the share of the trust principal appointed by said will, was properly decreed to be chargeable to the appointive property. We have concluded, however, that the discretion vested in the court with respect to allowances in this proceeding was improperly exercised at Special Term. All the questions with respect to the allowances are properly before us and we have the power and the duty to correct any injustice or abuse of discretion. (*Schenectady Trust Co.* v. *Emmons,* 263 App. Div. 542; *Chemical Bank & Trust Co.* v. *Ott,* 248 App. Div. 406.) This proceeding, instituted pursuant to

article 79 of the Civil Practice Act, was directed to the obtaining of a final order construing certain provisions of the 1935 trust agreement and settling the intermediate accounts of the trustees under the trust created thereby. By their petition, the trustees presented for determination herein the question of whether the entire trust principal should be charged with certain estate taxes assessed in the estate of Virginia S. McKay, one of the settlors, or whether such taxes should be charged only against the portion of the funds appointed by her will to respondent-appellant Osborn, Jr., and others; and determination of such question as well as the accounting was proper and necessary in connection with the administration of the trust. The maintenance of the proceeding, the reference therein, and the determination thereof were mainly directed to and tend chiefly to benefit the said trust and the principal thereof. Under these circumstances, the major portion of the allowances to the Referee on the accounting and to the attorneys rendering services in the proceeding should have been charged against the principal of the trust as a whole instead of against the appointive property. Furthermore, it was an abuse of discretion to deny the request of counsel for the respondent-appellant Osborn, Jr., for an allowance for his services. There was here a real and bona fide controversy. In fact, the trustees, in their petition instituting the proceeding, took the position that the particular estate taxes were chargeable against the entire trust principal. Then, upon the trustees abandoning their position and the question not being free from doubt, it was proper for the respondent-appellant as an interested party to keep the question open and to continue the proceeding in an adversary status for the purpose of securing a final determination on the merits. Upon the record, the various services of his counsel in the accounting proceedings, including on the hearing before the Referee and in the matter of objections, memoranda and the pointing up of the issues, have clearly been of aid to the court, and, thus, an allowance could and should have been made to him. (See Civ. Prac. Act, § 1514-a; *Matter of Matthews*, 280 App. Div. 23, affd. 305 N. Y. 605; *Schenectady Trust Co.* v. *Emmons, supra*; *Matter of Heller*, 10 Misc 2d 363 [BOTEIN, J.].) Finally, we conclude that the allowances totaling $30,000 to counsel for the Coogans were excessive. In light of the record, and, particularly bearing in mind that the representation by two separate firms of attorneys of the Coogans, who were united in their contentions, resulted in some duplication of work, the allowance of $10,000 and disbursements to counsel for Josephine Coogan and a similar allowance to counsel for Fairfield G. Coogan and Gordon G. Coogan would have been and are adequate. Settle order on notice. Orders entered on August 8, 1957 and June 20, 1960 unanimously affirmed, without costs. No opinion. Concur — Rabin, J. P., Stevens, Eager, Steuer and Bastow, JJ.