Seymour Bieber, Spec. Ref.
Petitioners, in addition to other related relief, seek to enjoin respondents from permitting foremen in the Department of Sanitation to work out-of-title ” as garage foremen and motor vehicle dispatchers, and to direct respondent City Civil Service Commission to declare the eligible promotion list of motor vehicle dispatcher appropriate to fill vacancies as they occur in the position of foreman in the Department of Sanitation.
After a finding at Special Term that issues raised by the papers before the court required a trial for proper determination, upon consent of counsel for the respective parties, this matter was referred to me, to hear and determine.
Petitioners, eligibles on a promotion list for the position of motor vehicle dispatcher, assert that Department of Sanitation foremen who are assigned to district garages perform out-of-title duties on a regular, recurrent and permanent basis by dispatching motor vehicles and various specialized equipment of said department from the district garages to different locations throughout the City of New York. Petitioners argue that this function is the proper and exclusive work of a motor vehicle dispatcher rather than of a foreman in the Department of Sanitation. They claim, therefore, that the motor vehicle dispatcher promotion list is appropriate and should be utilized to fill vacancies in the foreman jobs here involved.
*921 Contrary to petitioners’ contention, nothing in the record warrants the conclusion that sanitation foremen assigned to district garages of their department perform any improper, illegal or out-of-title work. The credible, expert testimony of the assistant chief of staff of the Department of Sanitation clearly refutes petitioners’ claim that dispatching duties account for almost all of a foreman’s time on the job. On the contrary, such proof establishes that the dispatching of vehicles by sanitation foremen is merely incidental to their over-all duties, and, with the possible exception of unusual emergency conditions, consumes only a maximum of 15 minutes of each 8-hour working day. The balance of a foreman’s workday in the district garage is spent in the performance of a multiplicity of other duties, apparently disregarded by petitioners, which are required by his civil service status. These include: (1) physical inspection of rolling equipment and of garage premises to assess any damage and to eliminate fire hazards; (2) in conjunction with the district superintendent, the preparation of personnel and equipment work schedules; (3) preparation and certification of daily and weekly payrolls; (4) maintenance and supervision of time records, work progress reports and garage operations records; (5) management of personnel problems such as sick leave, vacations and petty grievances; (6) investigation and report of motor vehicle accidents involving Department of Sanitation equipment; (7) co-ordinate repair and overhaul schedules with mechanic-in-charge; (8) check of gas, oil and grease consumption; (9) instruction of employees in the proper operation of equipment and (10) supervision of all clerical work in the garage.
From the foregoing list, it is apparent that the dispatching of vehicles is but a very minor part of a foreman’s responsibilities. In any event, I find that the duties assigned to a Department of Sanitation foreman working in a district garage, including the operation of said garage and the dispatching of vehicles therefrom, are proper, legal and effective under applicable provisions of the Civil Service Law, the New York City Charter and the Administrative Code, and do not constitute out-of-title work, as claimed by petitioners.
Sections 755 and 757 of the New York City Charter, as well as sections 752-2.0 and 755(1)-1.0 et seq. of the Administrative Code vest power in the Commissioner of Sanitation, among other things, to manage and control the sanitation facilities in this city and to adopt all necessary regulations for the proper operation of his department and for the management of its personnel. Under these sections, particularly section 755(1)-1.0 of the Administrative Code, foremen in the Department of Sani *922 tation are properly authorized and delegated the duty of supervision over all functions and activities of the department, including the necessary dispatching of sanitation equipment and employees.
Moreover, as members of the uniformed force of the Department of Sanitation, foremen may lawfully be assigned to perform any duty which will contribute to the efficient performance of the statutory functions of this department and such uniformed force (see Wurf v. Mulrain, N. Y. L. J., May 31, 1957, p. 6, col. 7, affd. 5 A D 2d 825; Matter of Friend v. Valentine, 287 N. Y. 526, 528-529).
There is no merit or proper legal basis for petitioners’ claim regarding the propriety of using the motor vehicle dispatcher’s list to fill foreman position vacancies in the Department of Sanitation. It is significant that the motor vehicle dispatcher is in a different occupational group (Career and Salary Plan) than the foreman, is classified under different Buies of the Civil Service (rule XI as opposed to rule X, Buies of the Civil Service Comm.) and, consequently, is ineligible for promotion to foreman under applicable Civil Service Law (see Civil Service Law, § 52, subds. 2, 8).
Of paramount importance, however, is the fact that the training, experience and background of the motor vehicle operator and motor vehicle dispatcher do not qualify such civil service employees for the position of foreman in the Department of Sanitation. The specialized and technical equipment necessarily employed in the operation of this department must be considered in determining whether petitioners are competent to perform the duties of the position they seek here. The fact that the motor vehicle dispatcher eligible promotion list may be deemed appropriate for the position of “ Garage Foreman ” in the Department of Hospitals is of no significance or relevancy in this proceeding. Unlike the instant matter, both positions in the Department of Hospitals are classified under the Career and Salary Plan and concern the principal duty of dispatching ambulance vehicles on a “ round-the-clock ” schedule, a proper function, obviously, of a motor vehicle dispatcher. The many additional duties of a sanitation foreman, as well as the difference in job classifications {supra), clearly distinguish the subject position from that in the Department of Hospitals.
Contrary to petitioners’ assertion that they are competent to perform the duties required of a sanitation foreman assigned to a garage, the credible evidence shows that motor vehicle operators and dispatchers, unlike such foremen who are promoted from the ranks of the Department of Sanitation, receive *923 no training and are wholly unfamiliar with such complicated sanitation equipment as sweepers, flushers and various snow removal machines. Only men with Department of Sanitation training and experience are competent to operate or to supervise the use of such specialized machines. Petitioners are not among such civil service personnel and, therefore, are not qualified to hold the position they seek here (Matter of Wirzberger v. Watson, 305 N. Y. 507, 511, 513; Matter of Murray v. McNamara, 303 N. Y. 140, 145).
Accordingly the application is denied and the petition is dismissed.